DOWDELL et al. v. UNITED STATES DISTRICT COURT FOR NORTH-
ERN DISTRICT OF CALIFORNIA et al.

(Circuit Court of Appeals, Ninth Circuit. July 3, 1905.)

No. 1,201.

COURTS OF ADMIRALTY—PROCEEDINGS FOR LIMITATION OF LIABILITY—POWER
TO REOPEN AFTER FINAL DECREE.

Where proceedings in a court of admiralty, by a shipowner for limita-
tion of liability have been terminated, so far as the parties before the
court are concerned, by a final decree, the court has no power to reopen
the proceedings for the purpose of allowing other claimants, who have
not appeared therein, to come into the case and prove their claims. If
for any reason the decree is not binding on such claimants, their remedy
is by an independent suit.

[Ed. Note.—Limitation of shipowner's liability, see note to The Long-
fellow, 45 C. C. A. 387.]

On Petition for Writ of Mandamus.

William Denman and Richard P. Henshal, for petitioners.

Knight & Heggerty (Wm. F. Herrin and P. F. Dunne, of coun-
sel), for owner, against application.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY,
District Judge.

HAWLEY, District Judge. In the month of March, 1901, the
Pacific Mail Steamship Company, owner of the steamship City of
Rio de Janeiro, filed its petition in the District Court of the United
States for the Northern District of California, alleging, among other
things, that said steamship was lost and many of her passengers
drowned or injured, and that said losses and injuries occurred with-
out the privity or knowledge of said steamship company, without
any fault or knowledge on its part, and praying that it be adjudged
free from all liability for said losses and injuries, and, in the event
that it be adjudged liable at all, that its liability be limited to the
value of said steamship and her freight pending. Other facts in
regard thereto appear in Re Pacific S. S. Co., 130 Fed. 76, 64 C. C. A.
410.

Petitioners herein are claimants injured by the wrecking of the
steamship City of Rio de Janeiro. They claim to have been "out
of the jurisdiction" at the time "of the attempted service of process"
in said proceeding. Among other things, it is alleged in their peti-
tion "that at no time has said petition of said Pacific Mail Steamship
Company been dismissed," or its stipulation with sureties "been
withdrawn," but "at all times since the 15th day of October, 1901,
have your petitioners herein been enjoined" from prosecuting their
claims, save in "said proceeding to limit liability"; that no moni-
tion was ever issued citing petitioners to appear and make proof
of their claim, etc. On May 9, 1905, petitioners filed in said pro-
ceeding their claims against the Pacific Mail Steamship Company in
personam, which they claimed to have sustained, and demanded of
the District Court, and of the judge thereof, that the court designate

a commissioner before whom they should make proof of their claims, and that said court and judge refused to comply with said demand, and petitioners claim that they have no plain, speedy, or adequate remedy in the ordinary course of law.

The contention of counsel for petitioners in brief is that, until the claimants are defaulted after proper notice, they are entitled to have their claims adjudicated in the limitation proceeding, and that under the act of Congress they can only adjudicate there, and nowhere else. The clear meaning and purpose of the law was to fix and declare a certain limit of liability on the part of the shipowners, and to determine whether the vessel is liable at all in a single proceeding, and not to leave it to be litigated, and possibly determined, in different ways in different courts. The prosecution of separate suits, if allowed to proceed, would result in the subversion of the whole object and scheme of the statute. The Garden City (D. C.) 26 Fed. 766, 771; Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 595, 3 Sup. Ct. 379, 617, 27 L. Ed. 1038.

A court of admiralty, in which is pending a proceeding for the limitation of the liability of a shipowner, may enjoin the prosecution of suits in state courts against the shipowners. In re Whitelaw (D. C.) 71 Fed. 733, and authorities there cited; The Tolchester (D. C.) 42 Fed. 180, 185. And in proceedings of this character, which have been designated as "equity proceedings in admiralty," to prevent a multiplicity of suits, it has frequently been decided that the powers of an admiralty court are as extensive, and its remedies are as effective, as are those of a court of chancery when its jurisdiction is invoked in an equitable proceeding, and that all persons having claims, whether in rem or in personam, against a ship or its owners, can have their rights determined therein. This principle was clearly recognized by this court in Re Pacific Mail S. S. Co., supra; In re Meyer (D. C.) 74 Fed. 897; The Annie Faxon, 75 Fed. 312, 320, 21 C. C. A. 366.

It is now well settled that proceedings in a United States District Court, under admiralty rule 54 of the Supreme Court, sections 4283–4285, Rev. St. [U. S. Comp. St. 1901, pp. 2943, 2944], Act Cong. June 26, 1884, c. 121, 23 Stat. 53 [U. S. Comp. St. 1901, p. 2804], and section 4289, Rev. St., as amended by Act June 19, 1886, c. 421, § 4, 24 Stat. 80 [U. S. Comp. St. 1901, p. 2945], to limit the liability of shipowners for loss or damage to personal goods, supersede all other actions or suits for the same damages in the state or national courts upon all matters properly presented therein, and in the nature of the case, where the jurisdiction of the District Court has attached, it is exclusive. Black v. S. P. R. Co. (C. C.) 39 Fed. 565; Oregon R. R. & Nav. Co. v. Balfour, 90 Fed. 295, 298, 33 C. C. A. 57, and authorities there cited; Butler v. Boston Steamship Co., 130 U. S. 527, 9 Sup. Ct. 612, 32 L. Ed. 1017. But these general principles, upon which petitioners rely, have reference only to the pending proceedings in the court upon the petition for limited liability.

There is nothing in any of the cases cited by counsel that the proceedings shall, after the court has obtained jurisdiction over the parties appearing therein, be kept open, or, in other words, sus-

pended, to await the appearance of other claimants, who from any cause have failed to appear therein. Where a monition and publication is made according to the rules and practice in admiralty proceedings, it becomes notice to "all persons" having any claims, whether they receive actual notice thereof or not, and, if they fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in any other; for, as was said by the court in the case of Broderick's Will, 21 U. S. 503, 579, 22 L. Ed. 599:

"Parties cannot * * * claim exemption from the laws that control human affairs, and set up a right to open up all the transactions of the past. The world must move on, and those who claim an interest in persons or things must be charged with knowledge of their status and condition and of the vicissitudes to which they are subject."

The effect of a default to appear in an admiralty proceeding is ordinarily the same as in other actions at law. Miller v. United States, 11 Wall. 268, 301, 20 L. Ed. 135. See, also, In re Morrison, 147 U. S. 14, 26, 13 Sup. Ct. 246, 37 L. Ed. 60; Evers v. Watson, 156 U. S. 527, 15 Sup. Ct. 430, 39 L. Ed. 520. But if they can show, as they claim they can, that no monition or publication was ever made, it may be that they would not be deprived, even at this late day, of bringing an independent action. Be that as it may, and conceding for the purposes of this opinion that petitioners may be able to prove that they have been defaulted without proper notice, the question remains whether the District Court had any jurisdiction to grant the relief asked for by petitioners. Judge De Haven clearly and tersely gave his reasons for denying the application as follows:

"Application for the appointment of a commissioner to hear proof of claims of Elfrida D. M. Dowdell and others against the Pacific Mail Steamship Company, in the proceeding commenced in this court by that company on March 19, 1901, for a limitation of liability for damages on account of the loss of the steamship City of Rio de Janeiro. That proceeding was in my opinion ended by the final decree heretofore entered therein, and is therefore not now pending in this court. If it should be conceded that the decree is not binding upon the parties making this application, the fact that it put an end to the proceeding for the limitation of the Pacific Mail Steamship Company's liability would still remain, and the applicants for this order left free to prosecute whatever demands they may have against the Pacific Mail Steamship Company by an independent action or actions. The application is denied."

We are of opinion that this ruling was correct. The District Court, after having closed up the proceedings in so far as the parties before the court were concerned, and entered its final decree, from which no appeal was taken, had completed its work, and thereafter had no power or authority to "open up the proceedings" for the purpose of allowing other claimants, who had not appeared therein, to come into the case, have another commissioner appointed to fix the value of the claimants' loss, and determine their rights in that proceeding. If an action in admiralty is, for any cause, dismissed, it is no longer in court, and the parties thereto are no longer before the court, and its jurisdiction therein is at an end. The Illinois, Fed. Cas. No. 7,003, and authorities there cited.

It is true that the petition of the steamship company had not in terms "been dismissed," but by the decision of this court it had been declared, under all the facts and circumstances of the case, to be without merit, and directions were given to the District Court—

"To enter judgment against the petitioner denying its application for a limitation of liability, and in favor of the respective claimants for the full amount of damages it had heretofore awarded them, with interest and costs." In re Pacific Mail S. S. Co., supra.

The District Court having followed those directions, and the proceedings having come to an end before the application of these petitioners was made, the District Court properly denied their application.

Mandamus denied.