## BOMBACE v. AMERICAN BAUXITE CO.

### No. 5665.

Circuit Court of Appeals, Fifth Circuit.
April 7, 1930.

Rehearing Denied April 25, 1930.

Eberhard P. Deutsch, of New Orleans, La. (Deutsch & Kerrigan, of New Orleans, La., on the brief), for appellant.

Geo. H. Terriberry, Benjamin W. Yancey, and Walter Carroll, all of New Orleans, La. (Terriberry, Young, Rault & Carroll, of New Orleans, La., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge.

Appellant filed a libel in personam against appellee, owner of the steamship Frederiksborg, to recover $442.17 for damages to 200 sacks of flour shipped on the said steamer from New Orleans to Peti Goave, Haiti, alleged to have been caused by sea water, through the negligence of the vessel. An exception to the original libel was sustained, with leave to amend, and appellant filed an amendment setting up the following provision of the bill of lading: "If there is opportunity to discover by examination before removal of the Goods that loss of contents or shortage of, or damage to the Goods exists or may exist the Carrier or Vessel shall not be liable for any such loss, shortage or damage, unless notice of claim therefor be presented in writing to the Carrier, or to the master or agent of the Vessel before removal of the goods. If there is no opportunity to discover before removal, that such loss, shortage or damage exists, or may exist then the Carrier or Vessel shall not be liable therefor, unless such notice of claim be so presented within 48 hours after removal of the Goods. The Carrier or Vessel shall not, in any event be liable for any claim or demand arising hereunder in respect of the Goods, unless notice of the claim be presented in writing to the Carrier within 30 days after delivery of the Goods to the Carrier, nor unless suit thereof is commenced within 6 months after delivery of the Goods to the Carrier, and a lapse of such period shall be deemed a complete bar to recovery in any such suit or proceeding not sooner commenced, notwithstanding the Carrier may be a nonresident or a foreign corporation. Nothing shall be deemed a waiver of the provisions of this article except a written express waiver signed by the Carrier."

The amendment further alleged that libelant was the agent of respondent (appellee) at the port of delivery and had become the owner and consignee of the flour through acquisition of the bill of lading; that on August 2, 1928, oral notice of claim was given and demand for payment of damages was made on respondent; that on arrival of the goods appellant called and there was held a joint survey, he having full knowledge of the particulars of the damage alleged, having signed the report made pursuant to the said joint survey; that because of the just-stated facts strict compliance with the provisions of the bill of lading above quoted was excused or waived and rendered unnecessary. After a hearing, the libel as amended was dismissed.

It is well settled that clauses in ocean bills of lading requiring prompt notice of damage to be given, and limiting the time in which suit may be filed, are to be enforced if reasonable. Failure to comply with the provision will bar a recovery. The Gerty (C. C. A.) 231 F. 427; Southern Pacific Co. v. Stewart, 248 U. S. 446, 39 S. Ct. 139, 63 L. Ed. 350.

As oral notice of damage was not sufficient, the amended libel admits that the provision of the bill of lading was not complied with and it could not be questioned that it is reasonable. Under the elementary principles of agency, appellant was not authorized to represent appellee in the matter after his interest became adverse and his knowledge was not attributable to his principal. He could very easily have given the written notice to the captain or direct to the owner. The survey was not joint and was not binding on the appellee. We do not think either waiver or estoppel is shown.

It is conceded that the burden was on appellant to show compliance with the provision of the bill of lading or to prove facts excusing failure to do so, in any event, but it is contended that, if relied on, the provision of the bill of lading was a matter of defense to be set up by answer. A decision of this question is not material to the case here presented, in view of the allegations of the amended libel. Admiralty permits extreme liberality in pleading and practice, and technicalities are not allowed to interfere with the due administration of justice. The Syracuse, 12 Wall. 167, 20 L. Ed. 382. The District Court had everything material before him that could possibly be presented by a trial on the merits after answer filed.

The record presents no reversible error.

Affirmed.