## THE O. M. ARNOLD.

### Petition of NEW ENGLAND FISH CO. OF OREGON et al.

### No. 9977.

Circuit Court of Appeals, Ninth Circuit.

April 22, 1942.

William P. Lord, of Portland, Or., and James W. Mifflin, of Seattle, Wash., for appellants.

Bogle, Bogle & Gates, Whittemore & Truscott, Clem J. Whittemore, William J. Truscott, and Arthur L. Haugan, all of Seattle, Wash., for appellees.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

New England Fish Company of Oregon owned a vessel which it chartered to New England Fish Company, a Maine corporation. During a voyage from one point in Alaska to another, the vessel sank, and three members of the crew drowned. Personal representatives of the three men were appointed by a proper Oregon court, and suit was filed in the court below against the owner and charterer of the vessel, to recover for the deaths. The owner and charterer then filed in the court below a petition to limit its liability. The personal representatives then filed answers and claims in the limitation proceedings. Exceptions were filed, by the owner and charterer of the vessel, to the answers and claims, on the ground among others, that the personal representatives appointed in Oregon had no right to file answers and claims in Washington.

Apparently a brief was filed in support of such exception by proctors for the corporations on April 28, 1941. On May 2, 1941, the court below wrote proctors for claimants but the letter is not contained in the record. On July 24, 1941, the court below again wrote proctors for claimants stating that it had received no reply to the letter of May 2, 1941, from which circumstance it assumed that claimants had nothing further to show in response to the brief mentioned, and that the exception above mentioned would be sustained on the authority of The Princess Sophia, 9 Cir., 61 F.2d 339, 354.

A form of decree was lodged in the court below, to which claimants objected on the

ground that the order of dismissal should provide that the claimants might amend by substituting personal representatives appointed in Washington. The objections were overruled and the claims dismissed.

Claimants contend here that they should be entitled to properly present their claims but that they would be prevented from doing so because the order is res judicata. While it seems clear that the order would not prevent other parties from filing claims (that is personal representatives appointed in Washington) we see no reason why the ordered appealed from could not state that the dismissal is without prejudice to the filing of claims by representatives appointed in Washington. The order is so modified, and as modified, is

Affirmed.