**MEYER v. NEW ENGLAND FISH CO. OF OREGON et al.**

**No. 10288.**

Circuit Court of Appeals, Ninth Circuit.

June 7, 1943.

William P. Lord, of Portland, Or., and James W. Mifflin, of Seattle, Wash., for appellant.

Bogle, Bogle & Gates, Whittemore & Truscott, and W. J. Truscott, all of Seattle, Wash., for appellees.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This case has been before the court on a previous occasion sub nom. The O. M. Arnold, 9 Cir., 127 F.2d 648, 649. As appears from the opinion there, personal representatives of three deceased seamen, appointed by an Oregon court, sued the owner and charterer of the vessel O. M. Arnold to recover damages for the wrongful deaths of their decedents. In the course of proceedings for limitation of liability, filed by the owner and charterer in the court below, it was ordered that answers and claims of the Oregon administrators filed in that proceeding be dismissed on the ground that the claimants lacked capacity to sue outside the state of their appointment. This order of dismissal, entered August 25, 1941, provided the motive of the prior appeal.

The Oregon administrators contended on that appeal that they were entitled to sue in Washington, and, further, that the order of dismissal in the admiralty case should have provided, as it did not, that they might amend by substituting personal representatives appointed in Washington. They contended that, in the absence of such a proviso, the order would be res judicata. This court said it could see no reason why the order should not state "that the dismissal is without prejudice to the filing of claims by representatives appointed in Washington", and it directed a modification to this effect. As so modified, the order was affirmed. The opinion was handed down April 22, 1942, and on June 2 of that year mandate was sent down.

On July 7, 1942, appellant was appointed administratrix for the deceased seamen by the Superior Court of King County, Washington, and was directed by the appointing court to maintain claims on behalf of the dependent heirs. On July 21, 1942, she served and filed such claims together with an answer resisting the right to limit liability. Thereupon the owner and charterer moved to quash the claims on the ground that the same were not timely filed, and this motion the court granted; hence the present appeal.

The original monition had fixed March 25, 1940, as the date within which answers and claims might be filed in the limitation proceeding. In the decree now appealed from the court stated that the claimants "have not exercised proper or any reasonable diligence in the premises," and that substantial prejudice would result to appellees if the belated claims were permitted now to be filed.

■■ Ordinarily, the granting or withholding of permission to file claims after the expiration of the monition period is discretionary with the trial court. But the action taken here was not entirely a matter of discretion. In substance, this court had ordered that the dismissal of the claims filed by the Oregon administrators be without prejudice to the filing of claims by representatives appointed in Washington. Obviously the modified order could not be given effect unless a representative or representatives so appointed were thereafter permitted to come in. In declining to permit the Washington administratrix to do that the court disregarded the spirit, at any rate, of the mandate.

■ But these considerations aside, we think there was no sufficient reason for denying these dependent heirs an opportunity to establish their case. The statute of limitations in actions for wrongful death had not run at the time the administratrix filed and served her answer and claims. The limitation proceeding was still pending, no interlocutory or final decree having been entered in it; and the claims of the heirs of the three deceased seamen were the only

ones that had been filed.[1]  While counsel for the claimants mistook what we may assume was plain law on the subject, there is no good reason for supposing that the first appeal, occasioning much of the delay, was not taken in good faith.  Nor was the showing of prejudice particularly convincing.

Reversed.

HANEY, Circuit Judge (dissenting).

I am not in accord with the opinion of the majority.

First.  One ground for the decision is found in our former opinion which I wrote.  If that opinion is subject to the interpretation given it by the majority, it is not what I intended to say.  I had no intention of pre-litigating a point which might arise in future proceedings.  Furthermore, as can be seen in a casual reference to that opinion, the only point raised and argued was that the decree against the Oregon representatives might be res judicata as against claims filed by Washington representatives.  We ordered a modification of the decree so as to provide that the principle of res judicata would not prevent the filing of claims by Washington representatives.  The majority now say that we also decided on the first appeal that the monition of the court below and any statute of limitations would not bar the filing of claims by Washington representatives.  Not only was that point not decided, but it was not even mentioned.

Second.  The majority have undertaken something which I believe it has no power to do.  Rule 51 of the Admiralty Rules promulgated by the Supreme Court of the United States, 28 U.S.C.A. following section 723, empowers only the District Courts to issue monitions fixing the time within which claims might be filed.  That time had expired long before the first appeal was taken.  The majority now say "there was no sufficient reason for denying these dependent heirs an opportunity to establish their case".  It would appear to me that Rule 51 and the monition issued herein are potent reasons for the entry of the decree appealed from.  By its present decision the majority are usurping a power lodged by the Supreme Court only in the District Courts.

Third.  Apparently ignoring Noonan v. Bradley, 76 U.S. 394, 9 Wall. 394, 19 L.Ed. 757, and The Princess Sophia, 9 Cir., 61 F.2d 339, 354, the Oregon representatives filed the libels on January 4, 1940.  The petition for limitation of and exoneration from liability was filed on February 17, 1940.  The monition fixed March 25, 1940, as the date before which claims must be filed.  The Oregon representatives filed their claims on March 21, 1940.  The decree appealed from contains the following:  "* * * that seven extensions of time for filing such Answers and Claims were duly made and entered herein by the Court upon motion of the proctors now representing said administratrix and the beneficiaries of her tendered claims; that said extensions and the period for filing Answers and Claims herein finally expired on November 15, 1940, and no requests for further extensions were made; that aforesaid extensions were granted for the purpose, among others, of allowing proctors to correct any defect in parties claimant in the Answers and Claims theretofore filed by Oregon administrators for the beneficiaries of the aforesaid decedents; that said beneficiaries and their proctors at all times had actual notice of the pendency of this proceeding for limitation and exoneration and had notice that the capacity and right of said foreign administrators to file Answers and Claims herein was challenged, and had ample opportunity to cure the defect, but voluntarily elected to rest their rights upon the Answers and Claims of said Oregon administrators, and elected not to have any qualified Washington personal representatives appointed or appear herein before the extended time for so doing had expired.  * * *"

It thus appears that while appellant might not have known the rule established by the cases cited above when she filed her libel, she did know it long before the time for filing claims had expired.  The majority characterized the situation by saying that "counsel for the claimants mistook what we may assume was plain law on the subject".  It is apparent that appellant did not mistake the law—she ignored it.  It would not extricate her from the toils of her own procrastination.

---

[1] As to the customary treatment of late claims in limitation proceedings see discussion in Benedict on Admiralty, 6th Ed., Vol. 3, § 518.