## THE JAMES SHERIDAN.

### Petition of SHERIDAN.

### No. 173.

District Court, E. D. Pennsylvania.
July 8, 1947.

Clark, Brown, McCown, Fortenbaugh & Young, and Samuel B. Fortenbaugh, Jr.,

all of Philadelphia, Pa., for petitioner Dennis T. Sheridan, and others.

Freedman, Landy & Lorry, and Abraham E. Freedman, all of Philadelphia, Pa., for Anna Hill Salmon, who petitioned for leave to file claim nunc pro tunc.

WELSH, District Judge.

The instant petition for leave to file a claim nunc pro tunc was filed by Anna Hill Salmon, Administratrix, of the Estate of Ruth Olson, deceased.

The barge "James Sheridan", loaded with coal, left New York on January 25, 1946 bound for Boston. On January 26, 1946, the tow encountered heavy weather, as it was proceeding eastwardly through Long Island Sound.

The crew of the barge at this time consisted of Captain Cesare and Henry Olson. The aforementioned crew members had brought their respective wives aboard to make the trip. After the barge sank, these four individuals were adrift in a raft for approximately three hours before they were rescued. Mrs. Olson died from exposure shortly after the rescue had been effected.

On April 30, 1946, Letters of Administration were granted to Anna Hill Salmon, the instant petitioner, by the Surrogate of the County of Rensselaer, New York. On June 22, 1946 one Bernard Cohen, an Albany, New York, attorney, advised the owners of the barge of his representation of the administratrix and notified them that he was making formal claim for the death of Mrs. Olson.

On July 25, 1946 a petition for exoneration from or limitation of liability of the owners of the barge "James Sheridan" was filed. This petition recited the claim of Anna Hill Salmon as Administratrix of the Estate of Ruth Olson.

On September 19, 1946, an order of this Court directed the issuance of a Monition, citing any persons having claims to appear and make due proof on or before November 8, 1946. The same order further directed that a copy of the Monition be mailed to all persons asserting any claim against the owners of the barge "James Sheridan".

Publication of the Monition was commenced on October 4, 1946 and a copy of the Monition was mailed to Mrs. Salmon and her attorney, Bernard Cohen, on October 5, 1946. Receipt thereof was acknowledged by both Mrs. Salmon and her attorney under date of October 10, 1946.

On October 18, 1946, Forrest E. Single, an attorney in New York, advised petitioners' counsel that he represented the Administratrix of the Estate of Ruth Olson and requested copies of the pleadings filed in the within cause. These were duly delivered to him, but no action was taken in connection therewith prior to the date specified for filing of claims. Finally, the owners of the barge, "James Sheridan", on or about June 5, 1947, in excess of six months after the final date for the filing of claims, were informed that a third attorney, Abraham E. Freedman, a Philadelphia attorney, now represents the Administratrix of the Estate of Ruth Olson and that said attorney requests leave to file a claim nunc pro tunc.

While it is true that the object of the Monition is to compel all damage claimants to come into Court within a definite period, in order that all parties concerned may be before the Court before any further steps are taken, and while a claim is ordinarily to be treated as barred if not presented within the time limited in the Monition, the Court has the discretion, in a proper case, to allow the presentation of a claim after that time has expired. The City of Boston, D.C.Mass., 159 F. 257; Meyer v. New England Fish Co., 9 Cir., 136 F.2d 315. The instant petitioner contends that the circumstances here shown make this a proper case for the exercise of that discretion.

When a belated claim is attempted to be filed in a limitation of liability proceeding the burden of proving good cause for the failure to file within the time stated in the Monition rests upon the petitioner. It is claimed that this burden was met when it was shown that the illness and inadvertence of prior counsel were the causes of petitioner's failure to file her claim within the time specified in the Monition. This claim is not particularly convincing and it is the opinion of this Court that petitioner

has not sustained the burden imposed upon her.

The petitioner was aware of her rights against the owners as early as June 22, 1946, because on that date original counsel Bernard Cohen communicated with the owners and advised them that he represented the Administratrix and that he was makng formal claim for the death of Ruth Olson. Petitioner, having received a copy of the Monition scme time between October 5, 1946 and October 10, 19'6, also was aware of the limitation of liability proceedings which were pending before the Court. In addition, a copy of the Monition was received by petitioner's orig'nal counsel, Bernard Cohen, during the same period, and by later counsel shortly after October 18, 1946.

It appears to us that later counsel had sufficient opportunity to have filed petitioner's claim within the time specified in the Monition and failure so to do cannot be excused by the illness and inadvertence of said later counsel. We think that the illness of counsel would constitute good and sufficient cause where a petition for leave to extend the final date stated in the Monition for the filing of claims is involved (no such petition was filed in the instant case) but we think otherwise where a petition for leave to file a claim nunc pro tunc is involved.

In view of the foregoing discussion the petition for leave to file a claim nunc pro tunc is denied.

An Order may be entered in conformity with this opinion.