**Matter of the Petition of LAKE TANKERS CORPORATION for Exoneration from or Limitation of Liability.**

No. 268, Docket 23965.

United States Court of Appeals
Second Circuit.

Argued Feb. 17, 1956.

Decided April 13, 1956.

On July 10, 1954 the yacht Blackstone was proceeding down the Hudson River. Petitioner's tug, Eastern Cities, push-towing petitioner's barge L.T.C. No. 38, was proceeding up the river. The Blackstone ran into the bow of L.T.C. No. 38 and capsized. Ten of the eleven persons aboard The Blackstone were rescued by The Eastern Cities, but appellee's decedent was drowned. Appellee began an action in the New York Supreme Court, Ulster County, against petitioner to recover $500,000 damages for the loss of her husband's life, alleging negligence on petitioner's part in respect of its operation of both the tug and the barge. Four other actions by survivors were begun in the State Court, alleging damages aggregating $157,500. On October 6, 1954, petitioner filed, in the court below, a petition for its exoneration from

or limitation of liability. The petition alleged that the collision occurred without fault on the part of any of petitioner's servants and that petitioner was entitled to exoneration; it also alleged that the collision occurred without petitioner's privity or knowledge and that, if liable, petitioner was entitled to limit its liability to the value of its interest in both vessels. However, bond was given for $118,542.21, representing only the value of petitioner's interest in tug Eastern Cities and her pending freight. On October 8, 1954, the usual restraining order was issued, enjoining the beginning or prosecution of claims against petitioner except in the limitation proceeding; that order was not limited to the tug.

Appellee appeared specially and moved to dismiss the petition and to vacate the restraining order, on the ground that the bond failed to include the value of petitioner's interest in barge L.T.C. No. 38. This motion was denied by Judge Ryan, who continued the restraining order in force, conditioned, however, upon petitioner's filing an additional bond for the value of its interest in the barge, failing which the restraint would be modified so as to continue in effect only as to suits against petitioner as owner of the tug. Petitioner then filed an additional bond for the barge in the sum of $165,000. Appellee thereupon filed, in the limitation proceeding, her claim for $250,000. Other claims, aggregating $9,525 were filed on behalf of the ten rescued survivors.

Appellee then moved before Judge Weinfeld to vacate the restraining order as to her state court suit, on the theory that, since the total security on behalf of the tug and barge amounted to $283,542.21 and the claims totalled $259,525, upon the filing of appropriate stipulations in accordance with this Court's decision in Petition of Texas Co., 213 F.2d 479, the restraint should be lifted. Judge Weinfeld denied that motion, in an opinion reported in D.C., 132 F.Supp. 504, without prejudice to a further application by appellee in the event appropriate stipulations were filed bringing all claims against petitioner as to each vessel within the amount of the bond as to such vessel. On September 23, 1955 the ten claimants, other than appellee, filed the usual stipulations agreeing not to increase the amounts of their claims as made, nor to enter judgments in excess of the stipulated amounts and waiving any claim of *res judicata* relative to the issue of limited liability with respect to either of the vessels. On the same day appellee filed a stipulation reducing her claim against petitioner as to the tug Eastern Cities to $100,000 and as to the barge to $150,000. She also agreed not to increase the amount of either of said claims as to either of the vessels, or to enter judgment in excess of the stipulated amounts of her claims against petitioner as owner of either of them, and she waived any claim of *res judicata* relative to the issue of limited liability in respect of either of the vessels.

Appellee again moved for modification of the restraining order. Judge Weinfeld wrote an opinion granting the motion, D.C., 137 F.Supp. 311, and, on January 17, 1956 entered an order to that effect. His order was explicitly based on appellee's stipulation (including partial releases, to which she had sworn before a notary public). In the stipulation and partial releases, she agreed to reduce her claim against petitioner (1) as to the tug to $100,000 and (2) as to the barge to $150,000. The other ten claims totalled $9,525.

In his opinion, Judge Weinfeld said in part [137 F.Supp. 312]: "In addition to the moving claimant there are ten others and the eleven claims constitute all possible claims which could be filed in this proceeding as a result of the disaster and the time to file has expired. The bond filed on behalf of the tug Eastern Cities is in the sum of $118,542.21, while the claims asserted against her under the stipulations filed by the claimants are limited to $109,525; the bond filed on behalf of the barge L.T.C. No. 38 is in the sum of $165,000, while the claims asserted against her under the stipulations filed by claimants are limited to $159,525. * * * There are now two separate funds, one for the tug and one for the

barge. Each limitation fund is clearly in excess of the total sum of the claims asserted as against each vessel. A special verdict may be applied for which would spell out the precise liability that may be imposed with respect to each vessel. It is not to be presumed that the state court will deny an appropriate application for a special verdict. Thus in the event, under a special verdict, there is a finding of negligence in the operation of the tug and not of the barge, the moving claimant's recovery, under her stipulation, could not exceed the amount of her reduced claim. Accordingly the total of her judgment and the remaining claims would be limited to the bond posted for the tug which would preclude resort to the bond posted for the barge. And alternatively if liability were established solely because of the negligent operation of the barge, no recourse could be had as against the bond posted for the tug. Of course if liability should be found with respect to both the tug and the barge, a different situation would prevail. Since petitioner as shipowner is fully protected in the limitation of liability as to each vessel, there is no sound reason why claimant should not be permitted to proceed with her action in the state court—the forum of her choice."

In the Appendix to this court's opinion are set forth pertinent parts of Judge Weinfeld's order and of appellee's stipulation (including her partial releases). From Judge Weinfeld's order, petitioner has appealed.

Burlingham, Hupper & Kennedy, Eugene Underwood, New York City, for petitioner.

Rosen & Rosen, Poughkeepsie, Frank C. Mason, New York City, for claimant-appellee.

Before CLARK, FRANK and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

In Petition of Texas Co., 2 Cir., 213 F.2d 479, 482, we stated, as follows, the principles applicable here, in accordance with our previous decisions: "Absent an insufficient fund (1) the statutory privilege of limiting liability is not in the nature of a *forum non conveniens* doctrine, and (2) the statute gives a ship-owner, sued in several suits (even if in divers places) by divers persons, no advantage over other kinds of defendants in the same position. Concourse is to be granted 'only when * * * necessary in order to distribute an inadequate fund.'[1] The 'purpose of limitation proceedings is not to prevent a multiplicity of suits but, in an equitable fashion, to provide a marshalling of assets—the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full.' "[2] We quoted the provisions of 46 U.S.C.A. § 184 that, when loss is suffered by several persons, " 'and the whole value of the vessel, and her freight for the voyage, *is not sufficient to make compensation to each of them*, they shall receive compensation * * * *in proportion to their respective losses*' ", and that the limitation proceedings are " 'for the *purpose of apportioning the sum* * * * among the parties entitled thereto.' " Subsequently, we said the same in Matter of Trinidad Corp., 2 Cir., 1955, 229 F.2d 423 and in George J. Waldie Towing Co. v. Ricca, 2 Cir., 227 F.2d 900, 901.

Section 184 covers the liability of "the owner" of "the vessel." In the case at bar, it happens that petitioner owns two vessels, and may be liable for the conduct of either vessel or both. Had each vessel been owned by a separate owner, each owner could have instituted a limitation proceeding. So the owner here could have instituted one such proceeding to limit its liability as

1. Here we cited Curtis Bay Towing Co. v. Tug Kevin Moran, Inc., 2 Cir., 159 F.2d 273, 276.

2. Here we cited Petition of Moran Transportation Corp., 2 Cir., 185 F.2d 386, 388–389; Petition of Red Star Barge Line, Inc., 2 Cir., 160 F.2d 436; The Aquitania, D.C., 14 F.2d 456, 458, affirmed 2 Cir., 20 F.2d 457.

tug-owner to the value of the tug, and another proceeding as barge-owner to limit its liability to the value of the barge. The owner cannot enlarge its rights under the statute by the mere expedient of coupling the two proceedings.

■ Accordingly, we must regard this case just as if it comprised two separate limitation proceedings. On that basis, we affirm. For, in respect of petitioner's liability as owner of each vessel, the order and appellee's stipulation (including her partial releases) comply with what we required in the Trinidad case. We interpret the order, the stipulation, and the partial releases, to relate to the liability of petitioner *in personam* as the owner of each vessel separately. All the claims against petitioner as the tug's owner come to $109,525, an amount less than the bond of $118,542.21 as to petitioner's liability as owner of that vessel; all the claims against petitioner as the barge's owner come to $159,525, an amount less than the bond of $165,000 as petitioner as owner of that vessel. Consequently, there was not an insufficient fund in respect of petitioner's liability either as owner of the tug or as owner of the barge.

As Judge Weinfeld said, a special verdict in the state court suit will decide whether petitioner is liable for the conduct of either or neither vessel, or both vessels. That suit will not interfere with the exclusive admiralty jurisdiction of the court below affecting the limitation of liability: (a) No judgment of the state court can operate *in rem*. (b) Appellee's stipulation (which includes a waiver of any claim of *res judicata* relevant to the issue of limited liability of petitioner as owner of either the tug or the barge) and her partial releases, together with the reserved jurisdiction of the district court, prevent any effective determination by the state court of the value of either vessel.

We think, however, Judge Weinfeld's order should be amended to include the following: "If claimant obtains a judgment in her state court suit for an amount in excess of $100,000, an injunction will issue permanently enjoining her from collecting such excess unless the judgment rests on a special verdict allocating the amount as between the libelant as owner of the tug and as owner of the barge respectively. Thus if the judgment exceeds $100,000 and the jury finds libelant liable solely as owner of the tug, she will be enjoined from collecting any excess. If the jury finds that the libelant is liable solely as owner of the barge, she will be enjoined from collecting any amount in excess of $150,000."

■ The other claimants are apparently content to proceed for a determination of their claims in the limitation proceeding.[3] It is possible that the court below, in passing on their claims, may adjudge the petitioner not liable, while the state court in appellee's suit may adjudge otherwise. But such an eventuality will present no difficulty. For the adjudication in the limitation proceeding concerning liability or non-liability to the other claimants will not serve as *res judicata* or estoppel by verdict for or against appellee in her state court suit, nor will the adjudication concerning liability or non-liability in appellee's state court suit have such an effect for or against the other claimants in the limitation proceeding.

Modified and affirmed as modified.

### APPENDIX

Judge Weinfeld's order of January 17, 1956 reads, in part, as follows:

"Ordered that the motion of Lillian M. Henn * * * for an order vacating the restraining order entered herein on October 8th, 1954 with respect to her suit pending in the Supreme Court, State of New York, Ulster County, be and the

---

3. Petitioner suggests that perhaps the other claimants may seek to proceed elsewhere. The resultant problem cannot arise unless and until they file appropriate stipulations and partial releases.

Moreover, an application to relax the restraining order as to them must be made seasonably, as we said in Trinidad; and the limitation proceeding was instituted a year and four months ago.

same hereby is in all respects granted subject, however, to the following conditions:

"1. that claimant shall be permitted to prosecute her suit in Supreme Court, State of New York, Ulster County only to judgment;

"2. that the injunction of October 8th, 1954, insofar as it enjoins collection of the judgment elsewhere than in this proceeding, shall be continued;

"3. that the Court expressly reserves jurisdiction to reestablish a concourse and to adjudicate the petitioner's right to a limitation in the event that the funds should ultimately prove to be inadequate;

"4. that in no event shall this claimant recover from the fund an amount in excess of her claim as reduced by the partial releases heretofore given until all other claims have been satisfied in full;

"5. that the Court further retains jurisdiction of this proceeding against the event that petitioner's right to limit liability of either the tug Eastern Cities or barge L.T.C. No. 38 should be questioned in any other forum."

Appellee's stipulation and partial releases read, in part, as follows:

"1. She reiterates and affirms the terms of the written stipulation, heretofore executed by her on September 6th, 1955, duly acknowledged before a Notary Public of the State of New York, Dutchess County, and filed herein on September 23rd, 1955, providing:

"(a) that her claim as against the tug Eastern Cities, the ad interim stipulation for value filed on its behalf, the petitioner and its stipulators for value is reduced to the sum of $100,000;

"(b) that her claim as against the barge L.T.C. No. 38, the ad interim stipulation for value filed on its behalf, the petitioner and its stipulators for value is reduced to the sum of $150,000;

"(c) that she will not increase the amount of either of said claims as against either of the said vessels, as above stated, or the petitioner and its stipulators for value at any future date beyond the amounts so stated;

"(d) that she will not enter judgment in any Court in excess of the stipulated amounts of her claims against petitioner as owner of either of said vessels;

"(e) that she hereby waives any claim of res judicata relevant to the issue of limited liability with respect to either of said vessels, based on a judgment in any other Court.

"2. As her unconditional partial release she represents:

"(a) that the total amount of all claims filed herein as against the tug Eastern Cities and the petitioner, as her owner, in $109,525; the total amount of all claims filed herein as against the barge L.T.C. No. 38 and the petitioner, as her owner, is $159,525;

"(b) that in consideration of the entry of an order upon this stipulation, pursuant to the decisions of Honorable Edward Weinfeld, United States District Judge, dated December 29th and 30th, 1955, modifying the injunctive order entered herein October 8th, 1954, to permit the prosecution of her suit in Supreme Court, State of New York, Ulster County, she hereby releases and forever discharges the petitioner, its successors and assigns and the tug Eastern Cities and the barge L.T.C. No. 38 unconditionally but partially to the extent hereinafter described from all causes of action whatsoever, in law, in admiralty or in equity which against them she ever had, now has or which her successors hereafter shall or may have by reason of the death of

Robert C. Henn on July 10th, 1954, resulting from a collision between the motor yacht Blackstone, on which he was a passenger, with the barge L.T.C. No. 38 in tow of the tug Eastern Cities, in the Hudson River; it being the intent and purpose of this release that it be partial to the extent of the difference between the amount of her claim originally filed herein in the sum of $250,000 and the reduced amount of her claim heretofore, stipulated as against the tug Eastern Cities of $100,000, so that the amount hereby released as to such tug and the petitioner is $150,000; and it being the further intent and purpose of this release that it be partial to the extent of the difference between the amount of her claim originally filed herein in the sum of $250,000 and the reduced amount of her claim heretofore stipulated as against the barge L.T.C. No. 38 of $150,000, so that the amount hereby released as to such barge and the petitioner is $100,000.

"3. She consents to, and hereby authorizes her proctors, Rosen & Rosen, to submit an order to the Court for entry and providing:

"(a) that she shall be permitted to prosecute her suit in Supreme Court, State of New York, Ulster County only to judgment;

"(b) that the injunction of October 8th, 1954, insofar as it enjoins collection of the judgment elsewhere than in this proceeding, shall be continued;

"(c) that the Court expressly reserves jurisdiction to reestablish a concourse and to adjudicate the petitioner's right to a limitation in the event that the funds should ultimately prove to be inadequate;

"(d) that in no event shall this claimant recover from the fund an amount in excess of her claim as reduced by the partial releases heretofore given until all other claims have been satisfied in full;

"(e) that the Court further retains jurisdiction of this proceeding against the event that petitioner's right to limit liability of either the tug Eastern Cities or barge L.T.C. No. 38 should be questioned in any other forum.

"In Witness Whereof, I have hereunto set my hand and seal, as the Administratrix of the Estate of Robert C. Henn, deceased, the 7th day of January in the year One Thousand Nine Hundred and Fifty-six.

"Lillian M. Henn L.S.
Administratrix of the Estate of Robert C. Henn, deceased

"(Verified on January 7, 1956, by Lillian M. Henn, as claimant.)"

HINCKS, Circuit Judge (dissenting).

My brothers say: "We must regard this case just as if it comprised two separate limitation proceedings. On that basis, we affirm." 232 F.2d 577. Even if I agreed that this treatment of the situation is correct, I should still be constrained to dissent. For on that basis, in the tug proceeding the claimant's claim is for damages caused by the tug in the amount as reduced by stipulation, of $100,000, and the owner's liability depends on the fault of the tug; in the barge proceeding the claim is for damages caused by the barge in the reduced amount of $150,000, and the owner's liability depends on the fault of the barge.

Such being the situation, suppose the state court on a general verdict enters judgment in favor of the claimant in excess of $100,000. What possible effect can such a judgment have? It appears to me that it would be wholly uncollectible in either limitation proceeding. Under the amendment of the order below required by the court's opinion, the claimant will be enjoined "from collecting such excess." Under an original provision of the order, the claimant is

enjoined from all collection "of the judgment elsewhere than in this [the limitation] proceeding." The general judgment will not be *res judicata* on the issue of liability in the tug proceedings; it does not import a finding of fault by the tug. Likewise, in the barge proceedings; it does not import a finding of fault in the barge. Thus, notwithstanding the judgment, the issue of liability will be open in both proceedings.

Or suppose that in the state court the claimant obtains a judgment on a general verdict in an amount say of $5000 and being disappointed in the amount thereof decides to press her claims in the limitation proceedings. On no theory of *res judicata* or collateral estoppel can the owner use the state court judgment as decisive on the issues. It will not bar prosecution of the claim in the tug proceedings, because it did not adjudicate that the tug was not at fault. And so in the barge proceedings. The limitation court, perhaps after all the other claims have been heard and adjudicated, will have to hold a full-fledged trial for its determination of the claimant's claim, with a result which may or may not be more satisfactory to the claimant.

Thus considered, the disposition of the court, in my view, subjects the parties to the labor and expense of litigation which well may prove to be wholly fruitless and nugatory.

That such may prove to be the result, I think more than a remote possibility. For that result will follow unless in the state court trial the judge shall require the jury to find specially whether the plaintiff's injury (if caused by the owner's negligence) was caused by negligence in its conduct of the tug or by negligence in the barge. Without special findings, it would be necessary for the jury to determine only whether a proved act of negligence caused the plaintiff's injury. The requirement of special findings will require the jury to determine also whether a proved act of negligence was part of the conduct of a particular vessel,—a determination which under the evidence may involve confusion and difficulty. The plaintiff might prove an act of negligence and yet fail to prove that the act was a part of the owner's conduct of a particular vessel. In my opinion, it is by no means unlikely that the judge would refuse a request to require special findings on the ground that the request if granted would inject into the case an additional issue the solution of which is not essential to the decision of the case under the law of the state. It may also be observed that if a special verdict were required and claims of error should be predicated on the disposition of that additional issue, the parties would be without the usual remedy by motion or appeal. For it is hardly to be supposed that the trial court or an appellate court would give relief for an error pertaining to an issue which under the law of the state did not affect the validity of the judgment.

My brothers cite our former decisions in Texas, Trinidad and other cases for the proposition that a claimant's choice of forum should be protected and that the Limitation Act does not entitle an owner to a determination in the limitation proceedings of its liability to a multiplicity of claimants growing out of a multiple tort except in cases in which by reason of an inadequate fund a concursus is required. But these cases went no further than to permit litigation at law which would be dispositive,—not litigation which may prove to be nugatory. I think it an unwarranted and undesirable extension of the Texas doctrine to sanction procedure whereby two trials, one at law and the other in the limitation proceedings, may be required for a final determination of the issues of a single claim.

I would hold that we have here one proceeding for the limitation of the owner's personal, indivisible, liability to the appellee, among other claimants, on her single indivisible claim. I deprecate sanction for a procedure whereby indivisible causes of actions and indivisible liabilities may be split and their respective fragments may be litigated in sepa-

rate proceedings. If, as I think, this is a single limitation proceeding, even though two vessels are involved the claims concededly exceed the fund which may be fixed, and the Texas doctrine is inapplicable.