**Petition of TUGBOAT DALZELLEA, INC., owner, and Dalzell Towing Company, Inc., charterer, of TUG DALZELLEA, for limitation of liability.**

**No. 64 Ad. 154.**

United States District Court
S. D. New York.
Dec. 6, 1965.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for Community Bus Lines, Inc.; Eli Ellis, New York City, of counsel.

Burlingham, Underwood, Barron, Wright & White, New York City, for Dalzell Towing Co., Inc.; Stanley R. Wright, New York City, of counsel.

PALMIERI, District Judge.

The Community Bus Lines, Inc., a New Jersey corporation, moves for leave to file as a claimant *nunc pro tunc* in this limitation proceeding, as of the last date of filing claims, with the same force and effect as though it had filed prior to the last day for the filing of claims, namely, May 12, 1964. The claim arose out of the collision between the tank barge Siwanoy in tow of the tug Dalzellea and the Union Avenue Bridge in the Passaic River, New Jersey, on July 19, 1963. The closing of the bridge, resulting from the collision, compelled the rerouting of vehicular traffic and obliged Community Bus Lines, Inc. to deviate its buses and allegedly to incur expenses for additional mileage to its damage.

The time for the institution of suit by the proposed claimant has not expired under New Jersey law. The suit has not

yet been assigned for trial, and no decree has been entered. Rule 51 of the Rules of Practice in Admiralty gives the Court power to enlarge the time for the filing of additional claims, " * * * which time the Court, for cause shown, may enlarge". Although the monition period has expired, the proceeding is still in its early stages and no persuasive showing of substantial prejudice has been made. The power to enlarge the time for the filing of claims has been freely exercised, even after the entry of an interlocutory decree, or this has been done before final determination and commencement of distribution of the fund pursuant to final decree. Meyer v. New England Fish Co. of Oregon, 136 F.2d 315 (9th Cir.), cert. denied, 320 U.S. 771, 64 S.Ct. 83, 88 L.Ed. 461 (1943); Texas Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.2d 359 (5th Cir. 1963); The Spring Hill, 172 F.2d 355 (2d Cir. 1949); 3 Benedict, Admiralty, § 518, p. 542 (Knauth ed. 1940).

The diligent claimants to the fund are the Gulf Oil Corporation, William Joy, and the Counties of Bergen and Passaic. The latter two filed a joint claim for damage to their bridge. A letter has been received from the attorney for the County of Passaic saying that that County has no objection to this belated filing by Community Bus Lines, Inc.

The difficulty here stems from the fact that the Dalzell Towing Company already has settled the claims of Gulf Oil Corporation and William Joy for a total of $23,000 and has, in effect, been subrogated to the *pro rata* rights of those two claimants upon the ultimate distribution of the fund. This settlement was made after an appraisal of the various rights of the claimants but prior to the attempted filing of the claim in issue here; in other words, it was made in reliance on the expiration of the monition period. Should this motion be granted and should it develop that those claimants (Gulf and Joy) are entitled to less than $23,000 by virtue of any rights that Community Bus Lines, Inc. might have, then the Dalzell Towing Company would have been preju-

diced *pro tanto* by the filing of this late claim.

The motion to file the late claim will be granted but on condition that the rights of Community Bus Lines, Inc. shall be subordinated to the rights of the other claimants who have been diligent in filing their claims. See Petition of Vermillion Towing Corp., 227 F.Supp. 933, 934 (E.D. Va.1964). Thus, the rights of Gulf Oil Corporation, Joy, and the Counties shall first be determined. Community Bus Lines, Inc. may then assert its claim against any amount remaining in the limitation fund.

Submit order on notice in accordance with the foregoing opinion.