**Walter E. JAPPINEN, Petitioner-Appellant,**

v.

**CANADA STEAMSHIP LINES, LIMITED, Respondent-Appellee.**

**No. 19276.**

United States Court of Appeals
Sixth Circuit.

Oct. 10, 1969.

Laurence J. Hoch, Cleveland, Ohio, for appellant; Howard W. Bernstein, Dworken & Bernstein, Cleveland, Ohio, on brief.

Lucian Y. Ray, Cleveland, Ohio, for appellee; McCreary, Ray & Robinson, Cleveland, Ohio, on brief.

Before PHILLIPS, EDWARDS and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

This is an appeal from denial of appellant's motion to be allowed to file a late claim in admiralty. Canada Steamship Lines' ship, the RENVOYLE, crashed into and sank the American steamer SYLVANIA while the latter was moored to the dock at Port Huron, Michigan. Plaintiff-appellant, first mate on the SYLVANIA at the time of the collision, claims that he received permanently disabling injuries as a result of that accident.

Subsequent to the crash, which occurred June 1, 1967, the owner of the vessel

which was sunk sued defendant-appellee Canada Steamship, which then filed a motion in the United States District Court in Cleveland to limit liability and for an order of monition under 46 U.S.C. § 185 (1964) and Fed.R.Civ.P. Supplemental Rule F. Under this order claims were required to be filed by December 15, 1967, and publication of the order was required in Cleveland and in Port Huron, the home port of the sunken vessel. Subsequently the court extended the time for filing claims one month. No publication was had in the small town in Minnesota where plaintiff lived. He claims that he had no knowledge of the order of limitation until May 24, 1968 (at which time he was beyond the date for filing of claims set by the order).

His lawyers filed a petition on July 12, 1968, to be allowed to file a late claim, reciting the facts set out above. Appellee filed objection but did not dispute the facts. The District Judge denied this motion in a brief opinion relying upon Dowdell v. United States, 139 F. 444 (9th Cir. 1905).

The *Dowdell* case, however, is clearly not authority for what was done here. In *Dowdell* the late claim denied was five years late and the total proceedings had been terminated by final and unappealed decree.

In this case there had been no compromise or disposition of claims and no prejudice to any party is shown by appellee in the event appellant's motion to file a late claim is allowed. The prejudice to appellant if the motion stands denied is obvious.

Under Admiralty law, the federal courts have a freely exercised discretion to allow late filed claims in the interest of justice. Texas Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.2d 359 (5th Cir. 1963); Petition of the United States, The Spring Hill, 172 F.2d 355 (2d Cir. 1949); Meyer v. New England Fish Co. of Oregon, 136 F.2d 315 (9th Cir.), cert. denied, 320 U.S. 771, 64 S.Ct. 83, 88 L.Ed. 461 (1943); Petition of Tugboat Dalzellea, Inc., 254 F.Supp. 298 (S.D.

N.Y.1965); The City of Boston, 159 F. 257 (D.Mass.1906); A. Knauth, Benedict on Admiralty, § 518 (7th ed. 1968).

In *Texas Gulf Sulphur*, the Fifth Circuit said:

"In assaying the merits, we reaffirm the view many times expressed that the Admiralty is administered with equitable liberality and a simultaneous freedom from restraints or frustrations occasioned by technicalities or formal imperfections. Bombace v. American Bauxite Co., 5 Cir., 1930, 39 F.2d 867, 869, 1930 A.M.C. 826; Petition of N. J. Barging Corp. (Perth Amboy No. 1), S.D.N.Y., 1959, 168 F. Supp. 925, 928, 1959 A.M.C. 2532. Consequently, we readily accept the guiding principle elucidated by Benedict that 'so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims * * *' upon a showing of the reasons therefor. 3 Benedict, Admiralty § 518, p. 542 (Knauth ed. 1940). Several factors work in this direction. One certainly is the short limitation period which may be, as it was here, as short as 30 days. Rule 51. Another is that no formal process is served by the Marshal or a specially deputized person. Under the system, notice is to be brought home by a publication—often in a port or place remote from the claimants—plus the notice by mail of the type involved here." *Texas Gulf Sulphur Co., supra* at 362, 363 of 313 F.2d.

Benedict states the general rule in Admiralty thus:

"Section 518. Late Claims.

"So long as the limitation proceeding is pending and undertermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims, upon an affidavit reciting the reason for the failure to file within the time limited. If the commissioner to receive claims

has already rendered his report and finished his work, the court may require a supplementary report or may direct the clerk of the court to receive such late claim.

"After the case has reached the point where the efforts of the timely claimants have obtained an offer of settlement, the court will not permit belated claimants to come into the proceedings and reap the benefit of the efforts of those who are timely."

In our view under the facts in this case, the District Judge clearly abused his discretion in denying appellant's motion to be allowed to file a late claim. Since this conclusion determines this appeal, we find no need to deal with appellant's second stated issue.

Reversed and remanded for further proceeding consistent with this opinion.

JOHN W. PECK, Circuit Judge (dissenting).

I must respectfully dissent, since I cannot conclude that the circumstances warrant a finding of an abuse of discretion on the part of Chief Judge Girard E. Kalbfleisch. The thrust of the authorities cited in the majority opinion affirms the conceded right of the trial court in admiralty proceedings to exercise wide discretion in permitting the filing of late claims. I not only subscribe completely to that principle, but record the fact that in the present circumstances I would have preferred the opportunity to affirm the trial court's discretionary allowance of the late filing rather than to ratify the disallowance of such filing. However, no such choice is offered and in my view this Court is bound by the direction taken by the trial judge on the two-way street of discretion.

It is true that Judge Kalbfleisch relied on Dowdell v. United States District Court, 139 F. 444 (9th Cir. 1905), and that therein the attempted filing was tendered after the proceedings had been terminated by final and unappealed decree. However, that that circumstance was not the basis of the conclusion in *Dowdell* is apparent from the following quotation, which appears in Judge Kalbfleisch's opinion:

"Where a monition and publication is made according to the rules and practice in admiralty proceedings, it becomes notice to 'all persons' having any claims, whether they receive actual notice thereof or not, and, if they fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in any other; for, as was said by the court in the case of Broderick's Will, 21 Wall. 503, 21 U.S. 503, 579, 22 L.Ed. 599: 'Parties cannot * * * claim exemption from the laws that control human affairs, and set up a right to open up all the transactions of the past. The world must move on, and those who claim an interest in persons or things must be charged with knowledge of their status and condition and of the viscissitudes to which they are subject.' " 139 F. 446.

A conclusion that Judge Kalbfleisch had not abused his discretion in denying the late filing would necessitate a consideration of petitioner-appellant's second point, which did not require treatment in the majority opinion. That point is concerned with whether the denial of petitioner-appellant's motion, in effect, to permit the filing of a state court action at law constituted an abuse of discretion. For present purposes, suffice it to say that I think no such abuse of discretion occurred in this multiple claim-inadequate fund case in which a *forum concursus* is required, 46 U.S.C. § 181, et seq., *see* Maryland Casualty Company v. Cushing, 347 U.S. 409, 74 S.Ct. 608, 98 L. Ed. 806 (1954); Pershing Auto Rentals, Inc. v. Gaffney, 279 F.2d 546 (5th Cir. 1960); Petition of Lake Tankers Corporation, 232 F.2d 573 (2d Cir. 1956), aff'd sub nom Lake Tankers Corporation v. Henn, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957), and in which petitioner-appellant is not entitled to share in an increase in the limitation fund to the extent of $60.00 per gross ton of the vessel under the provi-

sions of 46 U.S.C. § 183(b), Oliver J. Olson & Company v. American Steamship Marine Leopard, 356 F.2d 728, 737–738 n. 5 (9th Cir. 1966).

I would affirm the judgment of the District Court.