Petition of VERMILLION TOWING COR-
PORATION, as owner of the TUG
RAVEN, her engines, apparel, etc., Rob-
ert R. Vermillion and William E. Law
for exoneration from or limitation of
liability.

No. 8214 and Consolidated Cases.

United States District Court
E. D. Virginia,
Norfolk Division.
March 26, 1964.

Burt M. Morewitz, Newport News,
Va., for Hazel Franklin.

Waverly L. Berkley, III, Norfolk, Va.,
for Vermillion Touring Corp.

Robert M. Hughes, III, Norfolk, Va.,
for Crown Central Petroleum Co.

Edward R. Baird, Charles F. Tucker,
Norfolk, Va., for various claimants.

WALTER E. HOFFMAN, Chief
Judge.

This limitation of liability proceeding arises from an explosion and fire which took place on July 5, 1961, at the plant of Crown Central Petroleum Company, Richmond, Virginia, while the tank barge No. 104 and her tug RAVEN were moored at the Crown dock and in the process of discharging fuel oil from the barge to Crown's tanks. The property damage was extensive and, in addition to the constructive loss of the barge and tug, as well as considerable damage to Crown's plant, the fire caused damage to properties and alleged personal injuries to persons without the property limits of Crown.

The owners of the barge and tug seasonably filed petitions for exoneration from or limitation of liability. Various claimants filed their claims prior to December 5, 1961, the last day fixed by order (as extended). The value of the barge and tug after the fire was approximately $2800.00.

The case has been fully heard as to liability and is now awaiting decision. The possible liability is between the owners of the tug and barge on the one hand, and Crown Central Petroleum Company on the other hand, with a possible joint and several liability. If liability is found against the tug and/or barge, and the owners are permitted to limit their liability, they will not then be prejudiced as to any late claim for property damage now sought to be filed.

One Hazel Franklin has asked leave to file a late claim for property damage in the sum of $2056.00. Her failure to file cannot be considered excusable neglect. In addition, the Court

934

is advised that other claims will be filed and, as to such claims, no reasonable excuse for failure to file can be submitted.

The statute of limitations on a property damage claim is five years. There is a two-year statute for personal injury or death. Thus, if limitation of liability is denied, the property damage claimants could institute any separate action against the owners of the barge and tug—if liability is found as to said owners—at any time prior to July 5, 1966. If liability is found, and limitation is granted, the owners of the barge and tug will not be prejudiced.

In granting the petition of Hazel Franklin to file her belated claim for property damage it is conditioned that (1) no further evidence will be received on the issue of liability, and (2) if limitation of liability is granted, the right of Hazel Franklin to participate in the fund will be subordinated to the rights of other claimants who have been diligent in filing their claims. As to other possible claimants who may seek permission to file, such claims must be confined to property damage as the statute of limitations has already run on any personal injury claim. Of course, any potential property damage claimant must file with reasonable promptness as the case cannot remain open for an indefinite period.

■ The matter of filing late claims in a limitation proceeding is discussed in Benedict on Admiralty, Vol. 3, § 518, p. 542. The granting or withholding of permission to file claims in proceedings for limitation of liability after expiration of the monition period is ordinarily discretionary with the trial court, but the refusal may be the subject of reversal. Meyer v. New England Fish Co. of Oregon, 9 Cir., 136 F.2d 315. While "good cause" is essentially lacking as far as Hazel Franklin is concerned, she points out that she initially conferred with counsel in Richmond, Virginia—where the cause of action arose—and her counsel was totally unfamiliar with admiralty proceedings. In light of the absence of prejudice, the fact that the

claim is now sought to be filed well within the statutory period for the limitation of any action, the conditions herein imposed and the realization that the trial on liability consumed approximately nine days with considerable expense incident thereto, it appears proper to permit the filing of a belated claim for property damage only.

Proctor for Hazel Franklin will prepare an appropriate order with objections being noted by proctors for the owners of the tug and barge.