United States Court of Appeals,

Fifth Circuit.

Nos. 92-2049, 92-2208.

GOLNAY BARGE COMPANY, et al., Plaintiffs-Appellees,

v.

M/T SHINOUSSA, etc., et al., Defendants-Appellees,

v.

Thomas FILIP, Martha Sullivan, et al., Claimants-Appellants.

GOLNAY BARGE COMPANY, et al., Plaintiffs-Appellees,

v.

M/T SHINOUSSA, etc., et al., Defendants-Appellees,

v.

Rua Van LE, A Dinh Tu, et al., Claimants-Appellants.

Jan. 6, 1993.

Appeals from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, GARWOOD and DAVIS, Circuit Judges.

PER CURIAM:

Several groups of proposed claimants in three related limitation proceedings appeal the district court's order denying them permission to file late claims. We vacate the court's order and remand this case for reconsideration of appellants' motions according to standards we established in *Texas Gulf Sulphur Company v. Blue Stack Towing Co.,* 313 F.2d 359 (5th Cir.1963).

I.

This litigation arises out of an oil spill that occurred in the Houston Ship Channel in July of 1990. After the spill, four shipping companies filed three separate limitation of liability proceedings, in the following order: (1) the Fidelis Shipping Corp. ("Fidelis"), owner of the M/T HELLESPONT FAITH, in August of 1990; (2) the Shinoussa Shipping Corp. ("Shinoussa"), owner of the M/T SHINOUSSA, in August of 1990; and (3) the Golnay Barge Co. ("Golnay") and Apex R.E. & T.

Inc. ("Apex"), owners of the Tug CHANDY N and several barges, in January of 1991. The district court consolidated the three cases.

In August of 1990, the district court issued monition orders requiring that claims against Fidelis and Shinoussa be filed by November 1, 1990. In January of 1991, the court issued a monition order requiring that claims against Golnay and Apex be filed by April 15, 1991. In accordance with these orders, notice of the first deadline was published for four consecutive weeks in the Houston Chronicle. Notice of the second deadline was similarly published in the Houston Post.

This appeal concerns three groups of people who moved for leave to file late claims. The first group, "the Halili claimants," filed claims in March of 1991, after the deadline applicable to claims against Fidelis and Shinoussa, but before the deadline applicable to Golnay and Apex. They allege that they were unaware of the deadlines because their attorney was unfamiliar with admiralty law.

The second group, "the Vietnamese claimants," allege that they were unaware of the monition deadlines because they could not read English. Some Vietnamese claimants filed after the first deadline and before the second. Others sought to file claims in July and August of 1991. "The nonresident claimants,"—the third group—allege that they were unaware of the monition deadlines because they did not reside in the area where notice was published.

A magistrate judge heard evidence on the motions. It recommended that the district court deny the Halili motions, grant some of the Vietnamese motions, and grant the nonresident motions. The district court, however, denied all motions to permit late claims for the following reasons:

> The Court finds that the equities weigh in favor of denying the motions to file late claims. More than 600 claims have already been filed, and the Court is of the opinion that extending the deadline beyond the established dates will result in a flurry of additional motions to file late claims. In an effort to bring this litigation to an end, it is therefore ORDERED that the ... motions ... are DENIED.

This appeal followed.

## II.

Supplemental Admiralty Rule F(4) provides: "For cause shown, the court may enlarge the time within which claims may be filed." As we have interpreted it, this language allows for the filing of a claim nunc pro tunc. *Texas Gulf,* 313 F.2d at 360. The appellate standard of review is abuse

of discretion. *Lloyd's Leasing Ltd. v. Bates,* 902 F.2d 368, 371 (5th Cir.1990). The district court's decision must be "sound," and not "arbitrary." *In Re: Oil Spill by the Amoco Cadiz,* 1982 A.M.C. 1233, 1240 (7th Cir.).

In *Texas Gulf,* Judge Brown established the framework for this circuit to guide district courts in exercising their discretion to allow or refuse late claims. Citing a limitation of liability proceeding's short limitation period and lack of formal process, we "readily accept[ed]" an "equitable" principle concerning late claims: "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims ... upon a showing of the reasons therefore." *Id.* at 362-63. Thus a district court ruling on a motion to file a late claim, should consider (1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late. We emphasized that "relief from a tardy claim is not a matter of right. It depends on an equitable showing." *Texas Gulf,* 313 F.2d at 263 (citations omitted).

The reasons assigned by the district court for denying appellants' late claims do not reflect a consideration of the Texas Gulf criteria summarized above. We conclude that we must vacate the district court's order and remand this case to the district court to reconsider its ruling under the test we established in *Texas Gulf.* The motions should be considered in light of the circumstances that existed at the time the district court issued its original order.

VACATED and REMANDED.