**GOLNOY BARGE COMPANY, et al., Plaintiffs,**

v.

**M/T SHINOUSSA, et al., Defendants.**

Civ. A. Nos. H–90–2414, 90–2476, 90–2488 and 91–180.

United States District Court, S.D. Texas, Houston Division.

June 15, 1993.

Thomas Gibbs Gee, pro se.

Ronald L. White, Brown, Sims, Wise & White, Houston, TX, for Golnoy Barge Co., Apex R.E. & T. Inc.

James Patrick Cooney, Royston, Rayzor, Vickery & Williams, Houston, TX, for M/T Shinoussa, Eletson Corp., Shinoussa Shipping Corp. of Monrovia, Liberia.

Dimitri P. Georgantas, Filteau, Sullivan & Georgantas, Houston, TX, for M/T Hellespont Faith, Papachristidis Ship Management Services, Ltd., Fidelis Shipping Corp.

Alfred Roland Valdez, Berger & Valdez, Houston, TX, for Muoi Dam, et al.

Larry D. Dowell, Dowell & Bromley, Houston, TX, for Son Thanh Nguyen, et al.

Randall Wiseman, pro se.

David A. Slaughter, Krist, Gunn, Weller, Neumann & Morrison, Houston, TX, for Bobby Chambers, et al.

Joseph F. Ahern, Asst. U.S. Atty., U.S. Dept. of Justice, Washington, DC, for U.S.

Lee D. Thibodeaux, Weller, Wheelus & Green, Beaumont, TX, for Asa M. Duncan, et al.

Carl A. Parker, Port Arthur, TX, for Faith Brantley, et al.

## MEMORANDUM AND ORDER

ROSENTHAL, District Judge.

The Fifth Circuit has vacated and remanded an earlier order of the district court denying the motions of three groups of claimants for leave to file late claims. These claimants did not file claims within the deadlines issued by the district court. On August 2, 1990 and August 6, 1990, the district court ordered all persons claiming damages from the collision that forms the basis of this suit to file their claims against M/T HELLESPONT FAITH and M/T SHINOUSSA by November 1, 1990.[1] (Docket Entries Nos. 909, 910). On

---

1. On July 23, 1990, a collision occurred involving the M/T SHINOUSSA, the Tug CHANDY N, the T/B Apex 3417, the T/B Apex 3503, and the T/B Apex 3510. The Tug and the three barges are owned by APEX and GOLNOY. As a result of the collision, APEX and GOLNOY filed suit against M/T SHINOUSSA and others on July 30, 1990. The Tug and the three vessels filed limita-

January 31, 1991, the court signed an order issuing a monition and requiring all persons claiming damages to file their claims against Tug CHANDY N by April 15, 1991. (Docket Entry No. 914). The SHINOUSSA and HELLESPONT·FAITH Orders required that notice of the deadline be published for at least four consecutive weeks in the *Houston Chronicle.* The Tug CHANDY N Order required notice to be published for at least four consecutive weeks in the *Houston Post.* Beginning in late July and August of 1991, numerous motions for permission to assert late claims were filed.

On November 26, 1991, the district court ruled that the equities weighed in favor of denying all motions to file late claims. This ruling was appealed. On January 6, 1993, the Fifth Circuit vacated and remanded the district court's ruling. The Fifth Circuit held that the district court had not followed the guidelines set out in *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.,* 313 F.2d 359 (5th Cir.1963). The court held that in an admiralty case, a court considering a motion to file a late claim must consider whether the proceeding is pending and undetermined; whether granting the motion will adversely affect the parties' rights; and the claimant's reasons for late filing. *Golnoy Barge Co. v. M/T Shinoussa,* 980 F.2d 349, 351 (5th Cir. 1993), *citing Texas Gulf,* 313 F.2d at 363. The court emphasized that " 'relief from a tardy claim is not a matter of right. It depends on an equitable showing.' " *Id.* The court cited to Judge John R. Brown's opinion in *Texas Gulf* for the reasons behind this equitable rule: "[c]iting a limitation of liability proceeding's short limitation period and lack of formal process, we 'readily accept[ed]' an 'equitable' principle concerning late claims: 'so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims … upon a showing of the reasons therefore.' " *Golnoy Barge,* 980 F.2d at 351, *citing Texas Gulf,* 313 F.2d at 362–63. The motions for leave to file late claims should be considered as of the time

tion of liability proceedings which have been

the district court issued its original order. *Golnoy Barge,* 980 F.2d at 351.

In light of this Fifth Circuit directive, this court has reconsidered the appellants' motions to file late claims. The limitations period was pending and undetermined when the late claims were asserted. As of the court's original ruling in November of 1991, this case had not significantly progressed. Suit was originally filed in July 1990. On January 15, 1991, discovery was stayed pending the outcome of a Coast Guard investigation. By November 1991, little progress had been made toward determining the shipowners' liability or the claimants' damages. This court concludes that permitting the late claims would not adversely affect the rights of the parties. The issues are therefore claimants' reasons for filing late and whether the equities weigh in favor of granting the motions for late filing.

### A. The Apffel Claimants

The Apffel claimants are Mai Ngoc Huynh, Ngu Van Vo, Tha Van Nguyen, Cam Ngoc Tran, and Tai Hu Lai. It is undisputed that, of these claimants, only Tai Hu Lai can read and write English. He is the only one of the Apffel claimants who could have read the published notice of the claims deadline. As to the claimants that did not read or write English, the court finds that the equities weigh in favor of granting their motion to file late claims. "Courts have held that it was an abuse of discretion to deny permission to late file [sic] claims when the claimant did not speak the language in which the notice was published." *Lloyd's Leasing Ltd. v. Bates,* 902 F.2d 368, 371 (5th Cir.1990). The motions for late filing asserted by Mai Ngoc Huynh, Ngu Van Vo, Tha Van Nguyen, and Cam Ngoc Tran are granted. Tai Hu Lai, however, spoke English and lived in the area where the notice was published. This court finds that the equities do not weigh in favor of granting his motion for late filing. *Bates,* 902 F.2d at 371.

### B. The Dunbar Claimants

The Dunbar claimants can be divided into three categories: those who speak and

consolidated into the present case.

understand English; those who cannot speak and understand English; and those who failed to appear for their depositions as ordered by Magistrate Judge Botley to support their claim of a lack of proficiency in English. As to the twelve claimants who can not speak or understand English, this court finds that the equities weigh in favor of granting their motion to file late claims. *See Bates,* 902 F.2d 368, 371. These claimants are Truong Van Cao; Phuoc Van Ho; Dahn Kim Huynh; Rua Van Le; Chinh Van Mai; Tam Thanh Mai; Tue Huu Ngo; Ut Thi Nguyen; Hua Quach; Henry Truong; A Dinh Tu; and Quang Voung. As to the nine claimants who could speak and understand English, this court finds that the equities do not weigh in favor of allowing them to file late claims. These claimants are Chien Huynh; Victor Nghia Huynh; Cu Nguyen; Hoan Kim Nguyen; Kiet Van Nguyen; Larry Liem Nguyen; An Lu; Sanh Huu Pham; and Sean Troung.

■ The other nine Dunbar claimants were ordered by Magistrate Judge Botley to give deposition testimony on the issue of their ability to read, speak, and understand the English language. These nine claimants failed to appear for their depositions. Their claims were consequently dismissed for failure to diligently prosecute their claims. This court finds that the equities do not weigh in favor of allowing them to file late claims. These claimants are Ba Van Le; Phung Trong Le; Tu Van Mai; Ba Van Nguyen; Canh Thi Nguyen; Dan Van Nguyen; Hong Thi Thach; Nam Tran; and Danh Huynh Kim.

### C. Halili Claimants

■ The Halili claimants are Hajrulla Halili, Lisa Halili, Toma Filip and Rhonda Suthers (Rhonda Halili). These claimants hired legal counsel to represent their interests in this matter prior to the end of the monitions period. Magistrate Judge Botley found that their counsel had constructive notice of the monition by publication but failed to file claimants' petitions timely as to Shinoussa and Fidelis. Magistrate Judge Botley found that negligence on the part of counsel in failing to file timely was not good cause and recommended that leave for late filing should be denied.

The Halili claimants point to *Petition of Vermillion Towing Corp.,* 227 F.Supp. 933 (E.D.Va.1964) and *Petition of United States,* 172 F.2d 355 (2nd Cir.1949). In *Petition of United States,* claimants mistakenly thought that their claims had been filed by their counsel. The court held that, given this mistake, claimants would be allowed to file their late claims. 172 F.2d at 355. In *Vermillion,* the claimant missed the entire trial before filing a motion for a late claim. The court allowed claimant's damages claim, but held that counsel's unfamiliarity with admiralty law was not an acceptable reason for late filing and "cannot be considered excusable neglect." *Vermillion,* 227 F.Supp. at 933. This court agrees with the *Vermillion* court that counsel's mistake is not good cause that will satisfy the equity test set out in *Texas Gulf.* As Magistrate Judge Botley stated: "negligence on the part of legal counsel in failing to timely prosecute a claim is not good cause for permitting a late claim." (Docket Entry No. 1115, p. 5–6) The Halili claims are therefore denied as being untimely filed.

### D. Jerry Tharp and Mikla Tomasevic, Inc.

■ Both Mr. Tharp and Mr. Tomasevic are United States citizens who read and write the English language. Tomasevic resides in Belle Chasse, Louisiana. He testified that he did not visit Texas at all during the period that the notices were published. Mr. Tharp was absent from Texas from immediately after the spill until April 1991. He did not receive actual or constructive notice from the publication. Because of their absence during the period of publication, this court grants Tharp's and Tomasevic's motions to file late claims, finding that the equities weigh in favor of granting this relief. *See, e.g., Jappinen v. Canada Steamship Lines, Ltd.,* 417 F.2d 189 (6th Cir.1969); *Sagastume v. Lampsis Navigation Ltd.,* 579 F.2d 222 (2nd Cir.1978).

All claimants allowed to file late claims under this Order must file within two weeks from the date of this Order.