United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 04-30050

In Re: In the Matter of the Complaint of TRACE MARINE INC.,
as owner of the MV Miss Lori, Petitioning for Exoneration from
or Limitation of Liability.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRACE MARINE, INC.,
as owner of the MV Miss Lori,

Petitioner-Appellee,

versus

WILLIAM FASONE; ET AL.,

Claimants,

versus

CAROLYN KOINE, Curator for and
acting on behalf of plaintiff, Cheri Poche;
EDWARD H. LUNSFORD; JOSHUA JUAREZ
Biological children of deceased plaintiff, Edward Foss,

Movants-Appellants.

Appeal from the United States District Court
for the Eastern District of Louisiana
(No. 03-CV-93)

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cheri Poche and three other passengers aboard a shipping vessel were injured in an accident after a tugboat hit and sank the vessel they were aboard. Edward H. Lunsford and Joshua Juarez are surviving minor children of Edward Foss, one of the other parties injured while aboard the shrimping vessel. The appellant, Carolyn Koine ("Koine"), is the appointed curator acting on behalf of Poche,[1] Lunsford, and Juarez ( collectively the "claimants"), and now appeals from the order and final judgment of the district court denying the claimants' motions for leave to file a late claim under the Limitation of Liability Act, 46 U.S.C. §§ 181 et seq., and Rule F(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Because the district court did not abuse its discretion, the order and final judgment denying the claimants' motions for leave to file a late claim is AFFIRMED.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 29, 2002, the MV Lori, a tug, collided with the F/V Heckle and Jeckle, a shrimping vessel, in a Louisiana waterway. Four occupants aboard the vessel were injured: William Fasone, Edward Foss, Janet Foss, and Cheri Poche (collectively "the plaintiffs"). The plaintiffs subsequently filed suit against Trace Marine, L.L.C. ("Trace Marine"), the owner of the MV Lori, in the Civil District Court for the Parish of Orleans. On January 10, 2003, the case was transferred to the United States District Court for the Eastern District of Louisiana, after Trace Marine filed a federal cause of action pursuant to 46 U.S.C. § 181 and Rule F of the Supplemental Rules for Certain Admiralty

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Carolyn Koine is also the biological mother of Cheri Poche. Poche was of the age of majority at the time of the accident; however, during the course of the proceedings, she was interdicted by her mother after she suffered a decline in her mental health.

and Maritime Claims. Trace Marine filed the federal action essentially to limit its liability. In accordance with Rule F, the district court set a deadline and issued a notice advising all claimants to file all claims against Trace Marine by February 24, 2003. Janet Foss and William Fasone filed timely, but the remaining claimants, Edward Foss and Cheri Poche, did not. Edward Foss unexpectedly died during the proceedings.[2] Poche's claims were engaged by Koine, after Poche suffered a decline in her mental state. The claims of Foss' children, claimants Lunsford and Juarez, also proceeded under the care of Koine due to their status as minors. After Koine was appointed as curator for the claimants, none of the claimants filed timely claims against Trace Marine as the district court ordered. As a result, the district court entered a default judgment on March 10, 2003, against Poche, Lunsford, and Juarez, and issued an order barring any subsequent claims. Trace Marine subsequently settled with Janet Foss and William Fasone on July 31, 2003 and October 31, 2003, respectively. After an unsuccessful settlement negotiation between Trace Marine and Koine, Koine filed joint motions for leave to file a late claim in the district court on September 26, 2003, seven months after the court's February 24, 2003 deadline. One motion was on behalf of claimant Poche, the other motion was on behalf of claimants Lunsford and Juarez. Both motions were denied and the claimants' actions were dismissed. This appeal by Koine ensued.

The sole issue on appeal is whether the district court erred in denying the claimants' motions for leave to file a late claim under FED. R. CIV. P. SUPP. Rule F(4). Despite this single issue, Koine asserts several arguments in support of her claim that the district court committed error: Koune argues that the district court (1) abused its discretion pursuant to FED. R. CIV. P. SUPP. Rule F(4) in

---

[2] The record indicates that Foss died from a drug overdose on November 9, 2002, five days after claimants' counsel filed a motion to withdraw.

not allowing Koine to file late claims, <u>for</u> <u>cause</u> <u>shown</u>, on behalf of the claimants; (2) was incorrect in holding that Janet Foss could have preserved Edward Foss' claim because she and Edward Foss were not married at the time of the accident; and (3) should not have considered the potential affects to the parties of a trial continuance, nor the prejudicial affect that a continuance of the trial would have had on either the claimants, claimant Fasone, or on Trace Marine.

## DISCUSSION

A. Standard of Review

The Supplemental Admiralty Rules, Rule F(4) allows a district court to permit a claimant in a limitation of liability proceeding to file a claim, <u>nunc</u> <u>pro</u> <u>tunc,</u> for good cause shown. <u>Golnoy Barge Co. v. M/T Shinoussa</u>, 980 F.2d 349, 351 (5th Cir. 1993) (citing <u>Texas Gulf Sulphur Co. v. Blue Stack Towing Co.</u>, 313 F.2d 359 (5th Cir. 1963)). We review a district court's ruling on a motion to file a late claim for an abuse of discretion. <u>Ibid</u>. Notwithstanding the abuse of discretion standard, "the district court's decision must be 'sound,' and not 'arbitrary.' " <u>Ibid</u>. (citation omitted).

B. Supplemental Rule F(4)

In <u>Texas Gulf</u>, this court established an analytical framework to guide district courts in their evaluation of decisions to allow or refuse requests of late claimants to file untimely claims under the Limitation of Liability Act. 313 F.2d at 362-63. We stated that "district court[s] ruling on a motion to file a late claim[] should consider (1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the <u>parties</u>, and (3) the claimant's reasons for filing late (emphasis supplied)." <u>Id.</u> at 363 (citations omitted). We emphasized in <u>Texas Gulf</u> "that 'relief from a tardy claim is not a matter of right[,]'" but a remedy requiring "an equitable showing." <u>Golnoy Barge Co</u>; 980 F.2d at 351.

4

The district court in the instant case considered the three factors from Texas Gulf. Finding that the claimants' reasons for filing late did not justify seven months tardiness, the court denied the claimants' motion. In addition, the court found that the claimants' reasons given for their tardiness did not outweigh the prejudice that would be caused to the other parties were it to grant the motion. The court thereby concluded that the claimants had not met their burden of establishing good cause.

As to the first factor considered under Texas Gulf, whether the proceeding was pending or undetermined, the court found that the case had been partially determined since, at the time of the claimants' motion, Trace Marine had already settled with Janet Foss and was in the middle of settlement negotiations with William Fasone.

Addressing the second factor to be considered, the potential adverse affect to the rights of the parties if the motion to file late was granted, the court duly noted that Trace Marine had relied on the fact that there were only two remaining claimants in the action when it began settlement negotiations with Janet Foss. The implication is that Trace Marine relied on the other claimants being excluded when it made its decision to settle with Fasone and Janet Foss. The court also concluded that were it to allow the motion, the addition of the new claimants would likely require a continuance of the previously scheduled November 10, 2003 trial date, and suggested that a continuance would be injurious to Trace Marine and to the claimants. Trace Marine agrees that a continuance would have been injurious to it because it would have incurred further costs in conducting discovery. However, the court expressly stated that it was concerned that the claimants would not have sufficient time to conduct discovery because the scheduled trial date of September 26, 2000, was less than two months from the date of their request to file late. Trace Marine, in support of the court's finding of an adverse impact to the parties, also points out that on the day that the claimants filed their request to

5

file late, the claimants would have had only three days to conduct discovery because the claimants' filing date was three days from the district court's scheduled discovery cut-off date. We can safely presume that the trial judge knew of this fact as the court considered the possibility of ordering a continuance. Finally, addressing the third factor to be considered under <u>Texas Gulf</u>, i.e., the claimants' reasons for filing late, the court stated that the claimants did not provide an explanation regarding <u>when</u> they received notice of the limitation action. Thus, it could not determine what would have been a reasonable filing deadline from the time the claimants received their notice. The court further stated that because the reasons provided by the claimants for <u>why</u> they filed untimely did not justify their seven-month delay, equity did not favor allowing their motion to file late. Having considered all of the claimants' arguments proffered by Koine on this appeal, and in light of the governing standard of review herein, we cannot conclude that the district court abused its discretion.

### 1. Good Cause Shown

Koine first avers that the district court abused its discretion by finding that the claimants did not meet their burden under Supplemental Rule F(4) for good cause. Koine specifically states that the district court's consideration of the three factors pronounced in <u>Texas Gulf</u> was "incorrect, too strictly construed, contained false premises, and was totally out of line with the idea of 'equitable liberality' underlying admiralty law and the 'good cause shown' provision." Koine also contends that the facts surrounding the claimants' circumstances are distinguishable from those in <u>Texas Gulf</u>, and thus alludes to the fact that William Fasone, the only timely co-claimant in this action, did not object to the claimants' motion to file late. Koine states that the facts in <u>Texas Gulf</u>, conversely, reflect a late claimant who was vigorously opposed by six other co-claimants, and that in the instant case the only timely co-claimant, Fasone, does not object to claimants' request to file late. The implication

6

is that because William Fasone does not object, this court should not be concerned, nor should the district court have been, with any potential adverse affect to the rights of Trace Marine or to William Fasone. Koine, however, fails to sufficiently address the question of any potential adverse affects to Trace Marine had the district court granted the motion. Koine does not address the fact that Trace Marine objected to the claimants' motion on the basis that it would suffer additional costs had the motion been granted, further reasoning to support the district court's concern of an adverse affect to the parties in this litigation. Instead, Koine avers that the claimants articulated multiple equitable grounds sufficient to establish good cause shown: (1) claimants' counsel withdrew after the claimants filed their state law causes of action; (2) Edward Foss' untimely death made it impossible to file timely, as to Lunsford and Juarez; and (3) Poche's failed mental health and subsequent interdiction caused her untimeliness. These arguments attempt to bolster the claimants' position regarding the third factor considered under Texas Gulf, claimants' reasons for filing late, but do nothing to address the concerns of the second factor to be consider under Texas Gulf, i.e., whether granting the motion will adversely affect the rights of the parties. However, the district court wholly rejected the claimants' proffered claims in equity.

With regard to Koine's argument that the withdrawal of the claimants' counsel caused their untimeliness, the district court reasoned that because the same counsel that represented Janet Foss and William Fasone, both of whom filed their claims timely, had also represented the claimants, the withdrawal argument could not prevail. We agree.

Koine's assertion that Foss' death prevented the claimants from filing timely also does not pass muster. The district court reasoned that because Janet Foss was a claimant in the case at bar and had timely filed her claim, she presumably was aware of the court's limitation period, and thereby,

7

could have exercised her deceased husband's rights. The court, on this basis, concluded it was possible for Edward Foss' claims to be timely filed, but that Janet Foss simply failed to do so.

Finally, the district court rejected Koine's argument regarding Poche's failed mental health and subsequent interdiction as the reason for Poche's untimeliness. The court found that Poche's interdiction occurred on June 12, 2003, almost five months after the February 24th deadline. Notwithstanding the claimants' failure to meet the original deadline, Koine waited an additional three and one-half months after the interdiction of Poche before she filed the motion for leave on September 26, 2003, and provided no further explanation for her additional three and one-half month's tardiness.

Based on our review of this record, we cannot conclude that the district court's finding that the claimants failed to satisfy the three factors articulated in <u>Texas Gulf</u>, and its finding that the claimants failed to establish good cause shown, was an abuse of the court's discretion.

### 2. Marriage To Edward Foss

Koine also contends that the district court committed error in refusing the claimants' motion as to Lunsford and Juarez, because the court's ruling was based on an incorrect notion that Janet Foss was married to Edward Foss at the time of the accident. This argument is of no avail. The record is devoid of any evidence that Janet Foss was <u>not</u> married to Edward Foss at the time of the accident, aside from the unsupported statement of Koine. The district court did not abuse its discretion.

### 3. Continuance of the Trial

Finally, Koine contends that the district court committed error in considering the possible impact to the parties of a continuance of the trial date. Koine essentially argues that when the court in <u>Texas Gulf</u> referred to courts having to consider an adverse effect to the parties in its determination

8

to allow or refuse a motion to file late, it did not have in mind the issue of whether a trial's continuance would affect existing claimants such as Fasone, or late claimants such as the instant claimants. Koine cites no case law for this proposition. Instead, Koine highlights the fact that, at the time of claimants' motion, William Fasone, the lone timely claimant in this case, did not object to claimants' requests to file late. Koine misses the mark by failing to consider, as the district court did, any potential adverse impact to Trace Marine, including any additional discovery costs Trace Marine might have incurred had the district court granted the motion. Indeed, our reading of Texas Gulf does not lead us to conclude, as Koine suggests, that when we referred to rights of the parties, we limited the district courts' consideration of adverse affects solely to that of the claimants involved in the litigation, and not the petitioner, here Trace Maarine. Our reading of Texas Gulf is that we were concerned with adverse effects to all the parties. The district court's consideration of the potential adverse affects to Trace Marine was therefore proper, including its consideration of Trace Marine's prior settlement agreements and the potential additional discovery costs it might have suffered were it to grant the claimants' motion. Indeed, Trace Marine maintains that if the district court would have allowed the claimants to file late, the additional claims would have exposed it to greater liability because the claimants likely would have sought the full value of the limitation fund. Further, Trace Marine suggests that if it had known it have would have been exposed to additional liability at the time of its settlement with Fasone, as the claimants seek to do here, it is highly unlikely that the settlement with Fasone would have occurred. All of these factors further indicate that the district court's decisions were not arbitrary or capricious, but were based on sound reasoning. "In this delicate area it is not for us to determine what any one or all of us might have done had the problem been presented to us as trial judges. We may well differ in the assessment of the competing factors."

9

<u>Texas Gulf</u>, 313 F.2d at 363. The question is whether the trial court abused its discretion. In the instant case, we are unpersuaded by Koine's argument, and therefore, find no error in the district court's consideration of adverse affects to <u>all</u> the parties in this litigation.

## CONCLUSION

Koine's arguments contending the district court abused its discretion by failing to grant claimants' motions for leave to file a late claim are to no avail. The district court's order denying the claimants' motions, though resulting in unfortunately harsh consequences, was not arbitrary or capricious, but was based on sound reasoning. Because Koine has not satisfied the heavy burden of showing that the district abused its discretion, the order denying claimants' motions to file late and the final judgment dismissing claimants' actions are hereby AFFIRMED.