Cruz APONTE, et al., Plaintiffs,

v.

**CARIBBEAN PETROLEUM CORP.,** et al., Defendants.

Civil Nos. 10–1337 (FAB), 09–2092 (FAB).

United States District Court, D. Puerto Rico.

Signed March 19, 2014.

---

7. The instant *Opinion and Order* should not be construed as deciding, one way or another, the issue of class certification.

John F. Nevares, John F. Nevares & Assoc. PSC, Dora L. Monserrate, Monserrate & Monserrate, San Juan, PR, Camilo K. Salas, Salas & Co. LC, New Orleans, LA, Matthew S. Schoen, Michael A. London, Nicholas E. Warywoda, Douglas and London, P.C., Caitlin N. Bush, Juan A. Skirrow, Hoguet, Newman, Regal & Kenney, LLP, John J. Kenney, Simpson, Thacher & Bartlett, New York, NY, PHV Peter J. Cambs, Parker Waichman Alonso LLP, Port Washington, NY, Daniel E. Becnel, Jr., Becnel Law Firm, L.L.C., Reserve, LA, for Plaintiffs.

Vitol S.A., Inc., pro se.

Fernando J. Fornaris–Fernandez, Cancio, Nadal, Rivera & Diaz, Francisco J. Colon–Pagan, Colon & Colon PSC, Nestor Mendez–Gomez, Jason R. Aguilo–Suro, Oreste Ricardo Ramos–Pruetzel, Sara L. Velez–Santiago, Pietrantoni Mendez & Alvarez, Jose Ramon Rivera–Morales, Jimenez, Graffam & Lausell, Diego A. Ramos, Fiddler Gonzalez & Rodriguez, P.S.C., San Juan, PR, Kevin M. Haas, Cozen O'Connor, Matthew J. Sava, Robert W. Forman, Stuart L. Shapiro, Shapiro Forman Allen & Sava LLP, New York, NY, Thomas M. Jones, Cozen O'Connor, Seattle, WA, for Defendants.

## MEMORANDUM & ORDER

FRANCISCO A. BESOSA, District Judge.

Before the Court is Defendant Intertek USA, Inc. ("Intertek")'s motion for leave to file a claim in Civil No. 10–1337, (Docket No. 864).[1] Having considered that motion; Cape Bruny Tankschiffarhts GmbH and Co. KG and Cape Bruny Shipping Company Ltd. (collectively, "Cape Bruny")'s position, (Docket No. 862); the opposition filed by claimants in Civil No. 10–1337 ("claimants"), (Docket No. 873); Cape Bruny's reply, (Docket No. 877); and Intertek's reply, (Docket No. 888),[2] the Court

---

1. Defendants Shell Trading (U.S.) Company ("Shell") and Antares Oil Services, LLC ("Antares") joined Intertek's motion on March 3, 2014. (*See* Docket Nos. 867–870.)

2. Shell and Antares also joined Intertek's reply on March 17, 2014. (*See* Docket Nos. 883–887.)

**GRANTS** Intertek's, Shell's, and Antares' leave to file their claims.

## I. Background

In the immediate aftermath of an explosion and fire at the CAPECO oil terminal on October 23, 2009, numerous lawsuits (collectively, "the consolidated actions") were filed in this Court. (Civil No. 09–2092.) As owners of the M/T Cape Bruny Vessel, Cape Bruny filed a Shipowners Limitation of Liability Proceeding ("Limitation Action") on April 22, 2010. (Civil No. 10–1337, Docket No. 1.) Pursuant to Supplemental Rule F(4) for Admiralty or Maritime Claims, on May 10, 2010, the Court entered a monition order and notice directing all persons, firms, and corporations claiming damages as a result of the explosion to file their claims by June 18, 2010.[3] (Docket No. 343.) Due to the CAPECO defendants' filing of bankruptcy in the United States Bankruptcy Court for the District of Delaware, the Court subsequently ordered a stay of the consolidated actions and Limitation Action on October 25, 2010. (Docket No. 533.) It was not until December 27, 2010, January 18, 2011 and January 28, 2011, after the stay became effective, that Intertek, Antares, and Shell, respectively, received notice of claims asserted against them in the consolidated actions. (Docket Nos. 864, 868 & 867.)

On January 13, 2014, the bankruptcy court vacated the stay, and two days later, this Court vacated the stay in all of the consolidated cases. (Docket Nos. 808 & 809.) Now that the stay has been vacated, Intertek, Antares, and Shell request permission to file claims in the Limitation Action. Their claims classify as "late," however, because the monition period in the Limitation Action had expired even before the stay was issued.

## II. Discussion

■ Supplemental Rule F(4) allows the Court to permit the late filing of claims "for cause shown." It has long been held that the Court, in considering a party's request to file a late claim, should look to (1) whether the proceeding is "pending and undetermined," (2) whether the rights of the parties will be "adversely affected," and (3) the party's reasons for the delay. *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963) ("[S]o long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims upon a showing of the reasons therefor.") (citing 3 Benedict, Admiralty § 518, p. 542 (Knauth ed.1940)).

■ The parties agree that the Limitation Action is still pending and undetermined. (Docket No. 873 at p. 6 & Docket No. 864 at p. 5.) As cause for filing late claims, Intertek, Antares, and Shell represent to the Court that because they did not receive notice of claims in the consolidated actions until December 2010 and January 2011, they were not in a position to assert

---

**3.** Supplemental Rule F(4) provides, in pertinent part:

[T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims.

claims in the Limitation Action until well after the monition period had expired.[4] The Court finds both the first and third elements of the *Texas Gulf Sulphur* test, therefore, to be met. Vehemently in dispute, however, is the second element—whether late filings will prejudice any of the parties. The claimants argue that they will suffer severe prejudice because a diminution of their potential recoveries will occur: "If Intertek[,] [Antares, and Shell] are allowed to file [their] claim[s] in the Limitation Action, [their] own liability (or any judgment against [them] ) as well as the liability of the Vessel[,] will be satisfied from the limitation fund [of] $27 million." (Docket No. 873 at p. 6.) Defendants respond that no prejudice will result by the delay "because there has been no discovery, no dispositive rulings, and no activity at all except for a jurisdictional motion." (Docket No. 864 at pp. 5–6.)

The Court concludes that the alleged prejudice advanced by the claimants does not constitute the type of "prejudice" that *Texas Gulf Sulphur* and its progeny contemplate. A brief survey of case law reveals that the "prejudice" pertinent to the late filing inquiry arises from a late stage of the proceedings, a great degree of progress already made in the case, and/or the disposition of claims. *Am. Commercial Lines, Inc. v. United States*, 746 F.2d 1351 (8th Cir.1984), *vacated in part on other grounds*, 781 F.2d 114 (8th Cir.1985) (upholding a district court's refusal to allow a late claim where plaintiff was prepared for trial and the new claim would have caused a postponement); *Jappinen v. Canada S.S. Lines, Ltd.*, 417 F.2d 189, 190–91 (6th Cir.1969) (citing the general admiralty rule that "[a]fter the case has reached the point

where the efforts of the timely claimants have obtained an offer of settlement, the court will not permit belated claimants to come into the proceedings and reap the benefit of the efforts of those who are timely"); *Petition of Vermillion Towing Corp.*, 227 F.Supp. 933 (E.D.Va.1964) (granting permission, contingent upon certain conditions, to file a late claim because the case had already been heard and was awaiting decision); *In re Nakliyati*, 1989 WL 128581, at *6, 1989 U.S. Dist. LEXIS 13195, at *16 (E.D.N.Y.1989) (finding no prejudice to the parties because "[n]o significant discovery has occurred and the entire period has been consumed with matters such as requests for enlargements of time for claimants to enter the case, litigation of the instant motions and settlement discussions among the parties").

Here, the case is still at the pleadings stage, and although limited discovery has been authorized, the Court only recently set the pre-trial schedule. Moreover, in the nearly four-year interval between the expiration of the monition period and now, virtually no litigation steps have been taken due to the stay. Given the nascent stage of the proceedings, it cannot seriously be argued that any party will be prejudiced by the three defendants' late claims. Finally, an incongruous result would occur were courts to deny late claims simply because of a foreseeable diminution of other claimants' recoveries. Unfortunately, that "is a consequence consistent with the admiralty's equitable distribution of a limitation fund among all injured parties." *In re Complaint of M.V. President Kennedy, Ltd.*, 2000 A.M.C. 1201, 2000 WL 351425 (S.D.N.Y. April 5, 2000) (unreported). Ac-

---

**4.** Although the claimants initially argued to the Court that Intertek had been served before its bankruptcy, and "could have filed within the monition period," (Docket No. 888–1 at p. 28), the claimants now concede in their motion that Intertek, Antares and Shell *did not* receive notice until "several months after the Limitation Action's monition period had expired." (Docket No. 873 at p. 2.)

cordingly, the degree of prejudice allegedly to be suffered by claimants is insufficient to overcome the three-part *Texas Gulf Sulphur* test, and Court finds that defendants Intertek, Antares, and Shell have met the standard for filing late claims.

## III. Conclusion

For the reasons discussed above, Intertek's motion for leave to file a claim in Civil No. 10–1337, (Docket No. 864), is **GRANTED.** Any party which has not filed a claim, including defendants Intertek, Shell, and Antares, is granted leave to file their claims **no later than March 28, 2014.** No extensions will be allowed.

**IT IS SO ORDERED.**