# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2022

Lyle W. Cayce
Clerk

No. 21-60796

In re: In the Matter of OHT Hawk AS, Songa Shipmanagement LTD., Songa Crewmanagement LTD. and OHT Management AS, as owner of the M/V Hawk petitioning for Exoneration from or limitation of liability

OHT Hawk AS; OHT Management AS,

*Petitioners—Appellees*,

*versus*

Offshore Heavy Transport AS; Songa Shipmanagement Limited; M/V Hawk, her engines, tackle, apparel, furniture, etc. in rem,

*Defendants—Appellees*,

*versus*

Luis Cruz,

*Claimant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CV-236
USDC No. 1:19-CV-671

Before HIGGINBOTHAM, DENNIS, and GRAVES, *Circuit Judges*.

PER CURIAM:*

On March 29, 2019, the M/V Hawk (the "Hawk"), a semi-submersible heavy lift vessel, was transporting a dry dock in the Huntington Ingalls Incorporated shipyard in Pascagoula, Mississippi when it allided with a barge and a Navy destroyer under construction. The Hawk's owners filed a Complaint in Limitation. *See* 46 U.S.C. § 30511. Pursuant to Rule F(4) of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims, the district court ordered all persons with claims arising from the allision file within thirty days. A number of parties—including the shipyard, the United States, and various insurers—did so, and for months the district court managed the multiple claims vying for the Hawk's limited fund. On May 6, 2021, roughly seventeen months past the court's filing deadline, Luis Cruz, a pipe insulator who had been aboard the Hawk at the time of the allision, sought leave to file a claim. The district court denied leave, citing the mature state of the litigation. Cruz appealed.

Finding no abuse of discretion in denying leave, we AFFIRM the district court.

## I.

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, allows a vessel owner to limit his liability for certain civil claims related to an incident that occurred during a voyage to the value of the vessel. The Act also allows the owner to channel all claims against him into a single federal proceeding by prohibiting any other actions related to the voyage outside of the limitation proceeding. 46 U.S.C. § 30511(c). Once an owner initiates a limitation proceeding, Supplemental Rule F(4) requires that all claims against the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

owner be filed within thirty days. The court must provide notice of the limitation proceeding, as well as the claim deadline, by publication in a newspaper for four weeks prior to the claim deadline. Fed. R. Civ. P. Supp. F(4). Additionally, the owner must mail notice to anyone known to have asserted a claim against him before he initiated the limitation proceeding. *Id.* Claims must be filed before the date specified in the notice; however "[f]or cause shown," the court can enlarge the time in which a claim must be filed. *Id.*

The relatively short filing period and the lack of formal process means that persons with claims must be both vigilant and diligent. To "ameliorat[e] some of the rigors of this result," our court adopted a liberal stance towards filing late claims, embodied in the principle that "'so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims' upon a showing of the reasons therefor." *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363; 362 (5th Cir. 1963) (quoting Benedict on Admiralty, Vol. 3, § 518 (Knauth ed. 1940)). "Thus a district court ruling on a motion to file a late claim, should consider (1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late." *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993).

We review a district court's consideration of these factors for abuse of discretion. *Id.* Under this deferential standard of review, "[t]he instances in which we can declare that the action is so lacking in reason as to constitute an abuse of discretion will be, as they have been, rare indeed." *Texas Gulf*, 313 F.2d at 363.

## II.

The district court denied Cruz's motion for leave to file his claim, finding: (1) that the limitation proceeding was "partially determined" because a claim against the Hawk had been settled; (2) that allowing Cruz's late claim would prejudice the parties by causing delay, increasing litigation expenses, and threatening the adequacy of the limited fund; and (3) that Cruz's reason for missing the deadline—that he resided in New Orleans, but notice was published in a Mississippi newspaper—was not good cause to excuse his untimeliness. Under our precedent, we cannot say that any of these conclusions amounts to an abuse of discretion.

First, the district court did not abuse its discretion in determining that the limitation proceeding was partially determined when Cruz filed his motion. Although we have not defined the term, we have held, at least in an unpublished decision, that a proceeding is partially determined when the petitioner has settled a claim and is in settlement negotiations over the others. *In re Trace Marine Inc.*, 114 F. App'x 124, 127 (5th Cir. 2004).[1] Additionally, district courts within our circuit consider factors like the nearness of a trial

---

[1] As *Trace Marine* discusses, settling a single claim or a single category of claims can be said to "partially determine" a limitation proceeding because the limitation petitioner relies on the strength and number of pending claims against him when formulating his settlement price. *See* 114 F. App'x at 127. When the parties thus settle a personal injury claim, or all personal injury claims, they do so with the understanding that the settlement will achieve a certain degree of resolution of the entire proceeding. Accordingly, a limitation petitioner may be willing to settle a certain claim at a higher price if it will buy him immediate resolution and thus reduce his overall litigation costs. On the other hand, if he is facing a number of similar claims—say, personal injury claims from the entire crew—then he may be disinclined to settle at a high price without first seeking a judicial determination on liability. To borrow a phrase, settlements are negotiated "in the shadow of the law," more specifically here, in the shadow of the claims pending against the petitioner and the limited fund from which the claimants could recover. Thus settling a single claim can have consequences for, "partially determine," the broader proceeding.

date, the amount of discovery completed, and the passage of other material pretrial deadlines in assessing whether a limitation proceeding is partially determined. *See Plaquemine Point Shipyard, LLC v. Kirby Inland Marine, LP*, 472 F. Supp. 3d 313, 315–16 (E.D. La. 2020) (collecting cases). Cruz filed his motion for leave on May 6, 2021, seventeen months after the filing deadline of November 20, 2019 mandated by Supplemental Rule F(4). In those months, the parties to the limitation proceeding stipulated to liability, as well as to the value of the fund from which all claimants could recover. The only other personal injury claim in the proceeding settled. The parties exchanged expert disclosures and other discovery. In fact, when Cruz filed his motion, discovery was less than a month from closing. Given the advanced stage of the litigation, we find no abuse of discretion in the district court's conclusion that the proceedings were partially determined. Indeed, only a few months after Cruz filed his motion, all claims against the Hawk settled and the case resolved.

For many of the same reasons, we find no abuse of discretion in the district court's conclusion that granting Cruz leave to file belatedly would prejudice the parties to the limitation proceeding, that is, both the Hawk and the claimants. The court found that adding Cruz's claims would adversely affect the parties because the proceeding was near completion. Though the district court did not say so specifically in its order, "we can safely presume that the trial judge knew" that the discovery deadline was less than a month away when Cruz filed and would likely need to be continued if Cruz's claim were permitted. *Trace Marine*, 114 F. App'x at 127. Thus, Cruz's late filing would have likely added delay and increased the litigation costs for all parties to the proceeding. This conclusion was within the district court's discretion to make.

Finally, we do not find any abuse of discretion in the district court's determination that Cruz failed to demonstrate good cause for his failure to

timely file his claim. Cruz's reason for missing the deadline is that he did not receive actual notice of the limitation proceeding because he lived in New Orleans and the notice was published in the *Sun Herald*, a local newspaper in Harrison County, Mississippi, where the allision occurred. Other circuits have found that when a late claimant did not receive actual notice of a limitation proceeding because notice was published in "a place remote from the residence of potential claimants," that is a sufficient ground to excuse the late filing of claims. *See Sagastume v. Lampsis Nav. Ltd., Drosia*, 579 F.2d 222, 224 (2d Cir. 1978) (claimants lived in a small village in Honduras and notice was published in a New York newspaper); *Jappinen v. Canada S.S. Lines, Ltd.*, 417 F.2d 189, 190 (6th Cir. 1969) (claimants lived in a small town in Minnesota and notice was published in Cleveland and Port Huron, Michigan). In those cases, notice was published in a different country, or several states away from where the late claimants lived. Here, notice was published in a newspaper serving a county just over seventy miles from New Orleans where Cruz lived. These facts are closer to those in *Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368, 369 (5th Cir. 1990), where we found no abuse of discretion when notice was published in the *Galveston Daily News* and the late claimants lived in Port Arthur and around Sabine Pass. There, like here, the distance between the late-claimant and the coverage area of the publication was less than one-hundred miles and—more relevant to the question of "remoteness"—the two were in adjacent metropolitan regions. We see no abuse of discretion in the district court's analysis of this factor.

*     *     *

For the foregoing reasons, the district court order denying Cruz leave to file a late claim is AFFIRMED.